OPINION OF THE COURT
Vincent G. Bradley, J.
The petitioner brings this CPLR article 78 proceeding to annul a determination rendered by the respondent Commissioner on January 13, 1984 designating the Department of Environmental Conservation (DEC) Region No. 3’s office as a lead agency for purposes of an environmental quality review process pursuant to ECL article 8.
On June 8, 1981 the petitioner submitted an environmental assessment form (EAF) to the Region No. 3 office of DEC in connection with an application to dredge a portion of the Hudson River as part of a project to rehabilitate an existing bulkhead on the shoreline of property owned by the petitioner in conjunction with his proposed construction of a project known as Kingston Arms Condominiums. Petitioner asserts that he in effect withdrew the afore-mentioned EAF when he decided not to dredge the river and restore the bulkhead in connection with the condominium project. However, the DEC Region No. 3 office continued to assert that it should still remain the lead agency with respect to the construction of the condominiums for the purpose of environmental quality review. Thereafter, pursuant to ECL 8-0111 (subd 6), the matter was submitted to the respondent Commissioner who reaffirmed the designation of the regional office as lead agency for the project.
*227 The respondent’s objection and point of law is that the determination of a lead agency is not a final administrative ruling subject to judicial review by an article 78 proceeding. Indeed, the court has found no case law on this point but it appears that the designation of lead agency is but a step in the environmental review process which is conducted for the purposes and findings set forth in ECL 8-0101 and 8-0103. Indeed, it appears that judicial review is more appropriate when the lead agency renders a decision with respect to the filing of an environmental impact statement or issuing a negative declaration of significance so as to obviate the filing of such a statement. This seems to be clearly implied by the case law (see, e.g., Matter of Town of Yorktown v New York State Dept, of Mental Hygiene, 92 AD2d 897, affd 59 NY2d 999; Webster Assoc, v Town of Webster, 85 AD2d 882). Further, a review of the allegations set forth by the petitioner and his attorney in support of this proceeding indicate that their real argument would be from any findings made by DEC’S regional office with respect to the environmental review which has not yet in fact occurred.
The motion to dismiss for failure to state a cause of action is hereby granted.