■ CHASE MANHATTAN BANK, N. A., Appellant, v RALPH H. KRESS, Respondent.—In an action to recover damages for negligence of a court-appointed receiver, the plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated February 6, 1986, which granted the defendant's motion to dismiss the complaint as premature.

Ordered that the order is affirmed, with costs.

Initially, we note that the issue of whether leave of the court which appointed the receiver had to be obtained prior to the plaintiff's commencement of suit against the receiver is properly before this court. In the instant case, a prior order of Special Term did not grant leave to the plaintiff to sue, reasoning that such leave was unnecessary. While this order would bind a court of coordinate jurisdiction, the doctrine of "law of the case" does not bind an appellate court *(Martin v City of Cohoes,* 37 NY2d 162, 165, *rearg denied* 37 NY2d 817; *Zappolo v Putnam Hosp. Center,* 117 AD2d 597).

Although the plaintiff contends that it seeks to surcharge the defendant individually rather than in his official capacity, questions of fact exist upon this record concerning whether Kress acted within or outside the purview of the court's orders to him and thus, whether he is responsible in tort personally, as distinguished from in his official capacity *(see, 149 Clinton Ave. N. v Grassi,* 51 AD2d 502). Therefore, we conclude that leave of the appointing court was a necessary prerequisite to this action.

Under the usual circumstances, we recognize that we could stay the instant action until leave to commence it was obtained *(see, Copeland v Salomon,* 56 NY2d 222). To do so here, however, would be contrary to the concept of judicial economy since the action is, in any event, premature. The plaintiff seeks damages from the defendant for his negligence in failing to name it as a mortgagee payee in a policy of insurance upon which a claim was made for fire damage. The fire at the insured premises occurred subsequent to the commencement of foreclosure proceedings by the plaintiff. After the claim was

filed by Kress, the insurance company refused to pay, claiming that the policy had been obtained as a result of the fraudulent representations of Kress. The plaintiff, therefore, advances the argument that it has sustained an ascertainable injury since if it had been named as a payee it could have proceeded directly against the insurer and would not be subject to the defense of fraud. We disagree.

The foreclosure proceedings have not yet been terminated and, therefore, it cannot be ascertained whether a deficiency exists as to the plaintiff's mortgage lien. If, at the conclusion of the foreclosure proceedings no deficiency exists, the plaintiff will have suffered no damage. Moreover, the litigation between the defendant and the insurer is still pending, and without a determination in that action, it cannot be said that the plaintiff has been damaged. Because the issue presented for adjudication involves a future event (the possibility that the entire mortgage debt will not be repaid) which may never occur, the action at this point is premature and the order of Special Term dismissing the complaint must be affirmed *(see, American Ins. Assn. v Chu,* 64 NY2d 379, *cert denied* 474 US 803; *City of New York v State of New York,* 40 NY2d 659). Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.