■ In the Matter of PAUL M. WOOD, Appellant, v JOSEPHINE L. GAMBINO et al., Constituting the New York State Civil Service Commission, Respondents. [621 NYS2d 134] —Peters, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 31, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Civil Service Commission dismissing petitioner's appeals regarding an employment position.

Petitioner was employed by the Department of Health as a Research Scientist V until 1989 when the position was abolished and he was laid off. In June 1989, the Division of Substance Abuse Services (now the Office of Alcoholism and Substance Abuse Services, hereinafter Substance Abuse) began to recruit for the position of Research Scientist III or IV for its office in New York City. The preferred list unit of the Department of Civil Service (hereinafter Civil Service) indicated that petitioner was qualified for appointment to either position but petitioner declined as he was not interested in relocating to New York City. Civil Service then waived use of the preferred list and on October 2, 1989, William Nottingham was appointed to the position of Research Scientist IV. Although he was authorized for appointment to New York City, he was appointed to an Albany location. In February 1990, petitioner was appointed to the position of Research Scientist III in the Albany location.

By letter dated February 23, 1993, an Associate Staffing Services Representative with Civil Service notified Substance Abuse that a review of Civil Service's records indicated that Nottingham was improperly assigned to Albany since his position was approved for New York City. By letter dated March 11, 1993, a Principal Staffing Services Representative with Civil Service again advised Substance Abuse that its staff

made an "improper and illegal appointment" for the Research Scientist IV position and noted that when the appointment was processed, the location was overlooked in Civil Service's review of the application. It therefore directed that Nottingham be removed. By letter dated March 15, 1993, a Supervisor of Employment Records and Payroll Processing advised Substance Abuse that Nottingham's permanent appointment had been rescinded effective March 24, 1993 and that he had been changed to temporary status. By letter dated March 22, 1993 from Civil Service, Substance Abuse was advised that pursuant to Civil Service Law § 50 (4) and § 100 (5), Nottingham's appointment became incontestable three years from the effective date of his appointment and therefore Civil Service withdrew the rescission notice and restored Nottingham's employment.

Petitioner commenced two appeals to the State Civil Service Commission (hereinafter the Commission). The first reviewed actions of Civil Service and Substance Abuse between June 1989 and October 1989 leading to the appointment of Nottingham and requested the Commission to waive "for good cause shown" the 30-day limitation period for appeals pursuant to Civil Service Law § 6 (5). The second appeal challenged Civil Service's determination to not remove Nottingham pursuant to Civil Service Law § 50 (4) and § 100 (5), alleging that the matter falls within the fraud exception. The Commission dismissed both appeals. Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia,* a judgment that the Commission's decision dismissing his appeals were arbitrary, capricious, an abuse of discretion and contrary to law. Supreme Court upheld the Commission's determination and petitioner appeals.

Contending that there is a sufficient showing of fraud and that petitioner was unable to know or discover the facts until more than three years after the commission thereof, petitioner challenges the Commission's refusal to waive the 30-day limitation period. While petitioner relies on cases such as *Trepuk v Frank* (44 NY2d 723) and *TMG-II v Price Waterhouse & Co.* (175 AD2d 21, *lv denied* 79 NY2d 752) to support his contention, we note that our role in a CPLR article 78 proceeding is limited to determining whether there was a rational basis for the agency's exercise of discretion *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Adelman v Bahou,* 85 AD2d 862, *lv denied* 56 NY2d 502). We find that the Commission declined to waive the 30-day period due to factors, *inter alia,* focusing on the "interests of the civil service system in the

finality of appointment determinations and in protecting innocent employees, like Mr. Nottingham, who have gained permanent civil service status from challenges to their employment status". While the viability of the petition hinges on a showing of fraud, we find, as did Supreme Court, that the petition fails to allege any actual fraud and relies, instead, "upon conjecture, speculation and innuendo". Accordingly, vested with discretionary authority to waive the 30-day limitation period *(see,* Civil Service Law § 6 [5]), we find that the Commission's refusal to do so here was entirely rational.

Addressing the second appeal to remove Nottingham pursuant to Civil Service Law § 50 (4) and § 100 (5), dismissed by the Commission for lack of standing, we affirm the dismissal for other reasons. As noted by Supreme Court, even if petitioner did have standing as an aggrieved party, the petition fails to state a cause of action in fraud. Since the only exception to the three-year provisions contained in Civil Service Law § 50 (4) and § 100 (5) is a showing of fraud, our affirmance of Supreme Court's finding that petitioner failed to allege a cause of action in fraud is dispositive. We also note that petitioner's second appeal is time barred pursuant to Civil Service Law § 6 (5) since the second appeal requested review of the March 22, 1993 determination by Civil Service indicating that Nottingham's appointment was incontestable. Since petitioner had 30 days from such date to appeal and petitioner submitted his petition to respondent on May 21, 1993, the second appeal was time barred.

Accordingly, we affirm the dismissal of the instant appeals for the reasons detailed herein.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.