◼ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [637 NYS2d 505] —White, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 13, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Transportation changing the fee system for canal crossing permits.

On this appeal, we are concerned with the fees imposed by respondents for revocable permits granting petitioner permission to erect electrical transmission lines and gas transmission pipelines across the lands of the New York State Canal System.* Prior to 1989, respondents charged petitioner an annual flat fee for each permit. In March 1989, respondents

---

* Effective August 3, 1992, jurisdiction over the lands of the New York State Canal System was transferred from respondent Department of

promulgated a regulation providing that the annual fee for a permit issued to a utility would be equivalent to 50 percent of the occupied property's fair market value (17 NYCRR 56.4 [b] [2]). When petitioner noticed the increased costs resulting from this new methodology, it unsuccessfully sought relief from respondents. Thereafter, it sought relief in the judicial forum through this CPLR article 78 proceeding seeking to, *inter alia*, annul respondents' calculation of permit fees pursuant to the aforementioned regulation and to reinstate the flat fee schedules. Supreme Court dismissed the petition, prompting this appeal by petitioner.

Petitioner's initial argument is that the challenged regulation violates its due process rights since it deprives petitioner of its property interest in canal crossing rights that are not confiscatory and unnecessarily burdensome to its ratepayers. In order to invoke the protections of the Due Process Clause, one must have, *inter alia*, a property interest in a government benefit (*see, Board of Regents v Roth*, 408 US 564, 567).

Where a statute or regulation provides a State with significant discretionary authority over the bestowal or continuation of a government benefit, rarely will the recipient be able to establish a property interest in that benefit (*see, Kelly Kare v O'Rourke*, 930 F2d 170, 175, *cert denied* 502 US 907; *Plaza Health Labs. v Perales*, 878 F2d 577, 581). Further, since the establishment of prospective rates is a function involving the exercise of judgment and discretion, ratepayers have no property interest in such rates and, additionally, are not entitled to rely on existing rates in perpetuity (*see, RR Vil. Assn. v Denver Sewer Corp.*, 826 F2d 1197, 1202-1203).

Given the fact that Canal Law § 100 authorizes respondents, in their discretion, to issue revocable permits granting certain limited privileges in canal system lands upon such terms and conditions as they may prescribe, this case falls within the holdings of the foregoing precedents. Accordingly, we conclude that petitioner does not have the requisite property interest; thus, it cannot claim that its due process rights were violated by the promulgation in 1989 of the new prospective fee schedule.

Because the regulations fix the permit fees for canal land used in conjunction with adjoining residences or camps at $50 per year (17 NYCRR 56.4 [b] [1] [ii]), petitioner maintains that it has been denied equal protection of the laws. Unless a clas-

Transportation to respondent New York State Thruway Authority and its subsidiary corporation, the New York State Canal Corporation (Canal Law §§ 5, 6; Public Authorities Law § 382).

sification warrants some form of heightened review, a situation not present here, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification (*see, Nordlinger v Hahn*, 505 US 1, 10; *Trump v Chu*, 65 NY2d 20, 28, *appeal dismissed* 474 US 915).

In our view the classification created by the subject regulation has a rational basis. As respondents point out, it is much more appropriate and feasible to direct the first application of the market value methodology to permits granted to large commercial entities, like petitioner, who are using a much larger portion of canal lands than owners of residential properties and camps, most of whom use a very small portion of canal land for minor, purely private, noncommercial uses. Accordingly, we reject petitioner's argument on this issue.

Turning from its constitutional arguments, petitioner claims that the permit fees should be annulled because they constitute an impermissible tax. This argument lacks force because the permit fees are not imposed under the power to regulate (*compare, New York Tel. Co. v City of Amsterdam*, 200 AD2d 315). Instead, the fee is for a license permitting petitioner entry upon respondents' lands for the purpose of erecting transmission lines (*see*, 49 NY Jur 2d, Easements, § 195).

In establishing the fair market rental value of the canal lands occupied by petitioner, respondents employed the market value approach. Petitioner maintains that this approach was flawed because it does not take into account the very limited rights conferred by the license, i.e., use of airspace above the canal. Had respondents done so, petitioner contends that the permit fees would have been much lower.

In reviewing this issue, we cannot substitute our judgment for that of respondents, for our role is limited to determining whether there was a rational basis for respondents' exercise of discretion (*see, Matter of Wood v Gambino*, 210 AD2d 861, 862). Thus, whether petitioner's approach would yield a more accurate valuation is not determinative. Therefore, inasmuch as the market value approach is the most common method for determining the value of property (*see, 41 Kew Gardens Rd. Assocs. v Tyburski*, 70 NY2d 325, 330), we find respondents utilization of that approach to have been rational.

For these reasons, we affirm Supreme Court's judgment dismissing the petition.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.