[653 NYS2d 154]

In the Matter of Carl G. Dworkin, Appellant, v New York State Department of Environmental Conservation et al., Respondents.

Third Department, January 16, 1997

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C.,* Albany *(John R. Saccocio* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Michael Buskus* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

Petitioner received a permanent appointment in September 1978 as a Senior Attorney with respondent Department of Environmental Conservation (hereinafter DEC), a competitive class position subject to the protections of Civil Service Law § 75. In December 1979, petitioner was promoted to the position of Assistant Counsel, an exempt position under Civil Service Law § 41. Petitioner was terminated from his Assistant Counsel position in February 1995. He thereafter commenced this proceeding which raises the issue of petitioner's rights with regard to the Senior Attorney position from which he was promoted in 1979.

Pursuant to 4 NYCRR 5.2 (b), a permanent employee in the classified service "may, in the discretion of the appointing authority, be granted a leave of absence from his position, without pay, for a period not exceeding two years" (*see also,* 4 NYCRR 29.1 [a]). A two-year extension may be granted with the approval of the Civil Service Commission, and a further extension may be permitted by the Commission for good cause shown (*see,* 4 NYCRR 5.2 [b]; 29.1 [a]). The record establishes the existence of a regular practice in State civil service whereby an employee promoted to an exempt class position from a competitive class position is granted a discretionary leave of absence from the competitive class position while he or she serves in the exempt position. There is evidence in the record that State agencies, including DEC, routinely ignored the requirement of Civil Service Commission approval of extensions. An employee who has been granted such a discretionary leave of absence, upon promotion to an exempt class position, is said to have a "hold" on the competitive class position from which he or she was promoted.

Petitioner contends that he was given a discretionary leave of absence or hold for the Senior Attorney position when he was promoted to the Assistant Counsel position. DEC alleges that petitioner was afforded only the mandatory leave of absence from the competitive class position (*see,* 4 NYCRR

4.10) which expired in 1981 when the probationary term for his Assistant Counsel position was completed, and he was never granted a discretionary leave of absence or hold. There is, however, abundant, undisputed evidence in the record that DEC considered petitioner to be on leave from the Senior Attorney position long after the expiration of the mandatory leave period. The evidence includes a 1984 memorandum from DEC's Director of Personnel to DEC's Commissioner, which discussed petitioner and other DEC employees in exempt positions who were considered to be on leave from competitive class positions; a 1988 memorandum from DEC's General Counsel, which requested petitioner to resign from his Senior Attorney position; and DEC's approval in 1989 of petitioner's request to sit for a promotional examination for the position of Associate Attorney, for which he was eligible only if he was on leave from the Senior Attorney position.

In early February 1995 petitioner learned that he would be terminated from his Assistant Counsel position. He requested that he be returned to a competitive class position and that DEC take the necessary steps to restore his rights to a competitive class position. Petitioner's employment was terminated effective February 17, 1995 and he was informed that he had no hold on an Associate Attorney or Senior Attorney position. Petitioner commenced this proceeding June 2, 1995. Supreme Court dismissed the petition on the merits, resulting in this appeal by petitioner.

We begin our analysis by noting that petitioner claims no right to continued employment in the exempt Assistant Counsel position. Rather, petitioner seeks reinstatement to a competitive class position. We agree with respondents that petitioner's 1990 appointment to the competitive class Associate Attorney position was never effective and, therefore, he has no rights to that position. The record establishes that the General Counsel's "appointment" of petitioner was in fact a recommendation that petitioner be appointed, requiring final approval of DEC's Director of Personnel, which was never given. Because the appointment to the Associate Attorney position was ineffective, however, none of the actions taken on the basis of that appointment can, in our view, affect petitioner's rights regarding the Senior Attorney position. Accordingly, the remainder of this decision will focus on petitioner's rights regarding the Senior Attorney position.

Respondents contend that Supreme Court's judgment should be affirmed on the basis of the Statute of Limitations

defense asserted in the answer. According to respondents, the four-month Statute of Limitations began to run no later than October 1988 when petitioner was informed in writing that his hold on the Senior Attorney position had "lapsed". The argument is meritless.

A determination is final and binding for the purposes of commencing the four-month limitations period of CPLR 217 when it has its impact upon the petitioner who is thereby aggrieved (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834; *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357). Finality does not occur until the administrative agency has arrived at a definitive position on the issue that inflicts actual concrete injury (*see, Matter of Ward v Bennett*, 79 NY2d 394, 400). The record is patently inconsistent with respondents' claim that DEC made a final determination in 1988 which adversely affected petitioner's hold on the Senior Attorney position. More than a year later DEC approved petitioner's application to sit for a promotional examination for which he was eligible only if he was actually on a leave of absence from the Senior Attorney position. We agree with respondents that DEC's approval of petitioner's application had no estoppel effect, but it is clearly sufficient to negate respondents' claim that DEC made a formal, explicit and unambiguous determination in October 1988. The October 1988 memorandum to petitioner is ambiguous, for it clearly implies that petitioner's hold on the Senior Attorney position continued despite its technical lapse and that petitioner's resignation from the Senior Attorney position was necessary to release the hold. Such an ambiguous writing is insufficient to commence the statutory period (*see, e.g., Matter of Chaban v Board of Educ.*, 201 AD2d 646).

Turning to the merits, we note our disagreement with Supreme Court's conclusion that a de facto resignation can be inferred from petitioner's lack of response to the October 1988 memorandum which requested petitioner's resignation from the Senior Attorney position. The memorandum did not require a formal written response and there is undisputed evidence in the record that petitioner told the author of the memorandum that he would not execute the requested resignation and would rather give up his Assistant Counsel position than his hold on the Senior Attorney position. There is simply no evidence of any de facto resignation and respondents have not pursued such a claim on appeal.

■ Petitioner contends that the removal of his hold on the Senior Attorney position deprived him of a property right

without notice in violation of due process. We disagree. Petitioner bases his claim of a protectable property interest on the provisions of Civil Service Law § 75. Petitioner was clearly covered by those provisions while he served in the competitive class Senior Attorney position after completion of the probationary period, and we have no quarrel with petitioner's claim that the statutory coverage extended to him while he was on leave of absence from the Senior Attorney position (*see, Cooperman v Commissioner, Dept. of Correctional Servs.*, 86 Misc 2d 610, *affd* 57 AD2d 989). We do not believe, however, that petitioner had a corresponding legally protectable interest in the initial granting of the hold or any extension thereof.

It is the general rule that when an administrative agency has been given significant discretionary authority over the bestowal or continuation of a governmental benefit, rarely will the recipient be able to establish a property interest in that benefit (*see, Matter of Niagara Mohawk Power Corp. v New York State Dept. of Transp.*, 224 AD2d 767, 768, *appeal dismissed* 87 NY2d 1054, *lv denied* 88 NY2d 809). The record establishes that the appointing agency, in this case DEC, has the discretionary authority to grant the hold in the first place and to obtain extensions thereof (*see,* 4 NYCRR 5.2 [b]). It is clear from the relevant regulatory provision that holds are granted and extended only in the exercise of discretion and for a limited time. The regulations were not intended to create a permanent right to fall back to the competitive class position which would last as long as the employee serves in an exempt class position. In these circumstances, we are of the view that petitioner had nothing more than a unilateral expectation with regard to the bestowal and continuation of the hold and, therefore, petitioner's due process claim has no merit.

■■ Inasmuch as DEC has discretionary authority over the bestowal and continuation of holds, its exercise of that authority is subject to a proceeding in the nature of mandamus to review, in which the standard of review is whether the agency's determination was arbitrary and capricious or affected by an error of law (*see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758). As the record contains no formal, explicit and unambiguous determination by DEC not to grant a hold or not to continue the hold that clearly existed, we must look elsewhere for the final determination. Petitioner contends that even if the hold technically lapsed or expired due to DEC's inaction, DEC had the authority to obtain retroactive restoration of petitioner's hold on the

Senior Attorney position and refused to exercise that authority when it terminated petitioner's appointment to the exempt Assistant Counsel position, thereby resulting in the termination of petitioner's employment. DEC concedes that it had the authority to obtain retroactive restoration of the hold and that it refused to do so. We are of the view that DEC's refusal, finalized by the termination of petitioner's employment, is the final determination subject to judicial review in this proceeding.

Despite the absence of any formal determination by DEC, petitioner's hold on the Senior Attorney position expired at the end of the two-year maximum period prescribed by 4 NYCRR 5.2 (b) because DEC did not obtain Civil Service Commission approval for an extension. That DEC's actions continued to reflect the existence of the hold long after it expired precludes respondents from succeeding on their Statute of Limitations defense, but it cannot alter the fact that the hold actually expired due to DEC's failure to obtain Civil Service Commission approval. Contrary to the position taken by all parties, we find no authority in either the Civil Service Law or the regulations for the retroactive restoration of a hold that has expired. In effect, a request for retroactive restoration of an expired hold seeks another leave of absence after the expiration of the original one.

Successive leaves of absence in the classified service are governed by 4 NYCRR 5.2 (c), which provides that "[w]here a leave of absence without pay has been granted for a period which aggregates two years, or more if extended * * * a further leave of absence without pay shall not be granted unless the employee returns to his position and serves continuously therein for six months immediately preceding the subsequent leave of absence". When petitioner sought retroactive relief shortly before the termination of his employment in the Assistant Counsel position, petitioner had not served in a competitive class position for 15 years. There is evidence in the record that a "hiring freeze" was in place and there is no evidence that a competitive class position was vacant and available for petitioner. In these circumstances, we cannot say that DEC's failure to exercise its discretionary authority pursuant to 4 NYCRR 5.2 (c) was arbitrary and capricious. As petitioner's hold on the Senior Attorney position expired prior to 1989, we also find nothing arbitrary and capricious in the removal of petitioner's name from the Associate Attorney eligible list because he was not eligible to take the promotional examination for that position.

The record plainly establishes that petitioner was misled regarding the continued existence of his hold by the words and actions of DEC officials. The record also suggests that DEC and perhaps other State agencies, including the Civil Service Commission, routinely ignored the clear limitations in the regulations governing discretionary leaves of absence to create a system of long-lasting holds that is not within the intent of the Civil Service Law. Nevertheless, for the reasons set forth above, we conclude that petitioner is not entitled to any relief.

MERCURE, J. P., CREW III, PETERS and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.