■ In the Matter of Town of Coeymans, Appellant, v City of Albany et al., Respondents. [655 NYS2d 172] —Casey, J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered January 9, 1996 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, review a determination of the Department of Environmental Conservation designating itself as lead agency for the State Environmental Quality Review Act of respondent City of Albany's proposed solid waste management facility.

In 1989, resolutions were adopted by several municipalities, including petitioner and respondent City of Albany (hereinafter the City), authorizing the creation of respondent Albany New York Solid Waste Energy Recovery System Waste Shed Planning Unit (hereinafter the Planning Unit) to coordinate the preparation of a solid waste management plan (hereinafter SWMP) for the region because the available disposal capacity in the City's existing landfill was running out. Among the recommendations contained in the SWMP, which was developed by the City as the Planning Unit's appointed agent, was the implementation of a new long-term landfill with sufficient capacity to handle the region's waste for a 20-year period.

An evaluation process ensued after which the City, in 1994, submitted a permit application to the Department of Environmental Conservation (hereinafter DEC) for the siting, construction and operation of a municipal solid waste landfill within petitioner's borders. DEC's Region 4 was ultimately named lead agency, a designation also sought by petitioner, to conduct review under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Thereafter DEC issued a positive declaration requiring the imposition of a draft environmental impact statement.

Petitioner thereafter commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging, *inter alia*, the propriety of DEC to designate the Region 4 office as lead agency for the purpose of SEQRA review and seeking a declaration that the City would be subject to its local laws in the event that the City is granted a permit. Said laws, *inter alia*, limit the disposal of waste and operation of landfills within petitioner's boundaries and prohibit the

importation of solid waste generated elsewhere in the State. Upon the submission of various motions by most parties, Supreme Court dismissed on ripeness grounds that portion of the CPLR article 78 petition which challenged the lead agency designation and the entire declaratory judgment action.

The lead agency designation is not, as petitioner contends, a uniquely discrete and final determination. Rather it is, like other SEQRA determinations, "a preliminary step in the decision-making process" and, therefore, not ripe for judicial review (*Matter of Young v Board of Trustees*, 221 AD2d 975, 977, *affd* 89 NY2d 846; *see, Matter of Save the Pine Bush v City of Albany*, 117 AD2d 267, 269, *mod* 70 NY2d 193; *Matter of Antonecchia v Williams*, 126 Misc 2d 226; *Matter of Town of Rotterdam v New York State Dept. of Envtl. Conservation*, Sup Ct, Albany County, June 27, 1984, Hughes, J.). To hold otherwise would subject the entire SEQRA process to unrestrained review which could necessarily result in significant delays in what is already a detailed and lengthy process.

Furthermore, finality, a prerequisite for the judicial resolution of an issue in the context of a CPLR article 78 proceeding (*see*, CPLR 7801 [1]), does not occur until the " 'decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury' " (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, *cert denied* 479 US 985, quoting *Williamson County Regional Planning Commn. v Hamilton Bank*, 473 US 172, 193; *see, Matter of Dworkin v New York State Dept. of Envtl. Conservation*, 229 AD2d 42, 46). As Supreme Court found, petitioner has failed to demonstrate any such injury flowing from the lead agency designation. Although the lead agency coordinates all of the steps in the environmental review process, thus impacting on the manner in which said review progresses, petitioner is not precluded from either participating in the SEQRA process or submitting information addressing its concerns. This holding logically follows, and is clearly consistent with, case law that has characterized as non-final other SEQRA determinations (*see, Matter of Ogden Citizens for Responsible Land Use v Planning Bd.*, 224 AD2d 921; *Matter of Young v Board of Trustees, supra*, at 977; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene*, 92 AD2d 897, 898, *affd* 59 NY2d 999). Accordingly, dismissal of the third cause of action was appropriate.

Dismissal of petitioner's first cause of action seeking a declaration as to the validity of petitioner's local laws was also appropriate. The record reveals that the City has obtained an option to purchase a portion of the proposed site, but it does not

yet own or possess an option to purchase the parcel that would actually serve as the landfill facility. Nor does the City possess a permit to construct the landfill. In addition, the permit application process will not be complete until a draft environmental impact statement is accepted, and then the City has to establish that the landfill will meet the numerous applicable requirements under ECL article 8 and 6 NYCRR part 360. This is a lengthy and complicated process which, as is evidenced by these few facts, is nowhere near completion.

A declaratory judgment is not available when the existence of a controversy is contingent upon the happening of future events which may never occur (see, Cuomo v Long Is. Light. Co., 71 NY2d 349, 354; American Ins. Assn. v Chu, 64 NY2d 379, 385, appeal dismissed, cert denied 474 US 803; Phoenix Tenants Assn. v 6465 Realty Co., 119 AD2d 427, 430). As there exists a high degree of uncertainty as to whether the construction and operation of a landfill within petitioner's boundaries will ever come to pass, and the events here are not within the parties' control, declaratory relief is premature (see, New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531; Mid-Hudson Nuclear Opponents v Consolidated Edison Co., 100 Misc 2d 158, 162-163). Having reached this conclusion, there are no remaining issues for this Court to resolve.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.