■ HARRY LEWIS, Respondent, v CITY OF GLOVERSVILLE et al., Appellants. [667 NYS2d 796] —Carpinello, J. Appeal from an order and judgment of the Supreme Court (Ferradino, J.), entered March 13, 1997 in Fulton County, which, *inter alia*, granted plaintiff's motion for summary judgment and declared plaintiff's entitlement to benefits pursuant to General Municipal Law § 207-a.

By letter dated July 30, 1996, plaintiff, a firefighter for defendant City of Gloversville in Fulton County, sought "an acknowledgment by the City" that an injury he suffered to his right knee on June 1, 1994 while getting out a chair at the fire station was covered by General Municipal Law § 207-a. This request was made at a point in time when plaintiff was not disabled. Although he had missed over a month of work in September 1994 after undergoing arthroscopic surgery, he was paid his regular salary while incapacitated and subsequently recovered fully and resumed all of his regular duties. Follow-up letters continued to seek "an acknowledgment" of plaintiff's General Municipal Law § 207-a "status". By letter dated September 16, 1996, plaintiff's attorney was advised that the City was "in the process of reviewing [plaintiff's] eligibility for * * * benefits" and, by letter dated November 7, 1996, plaintiff's counsel was informed that the City "scheduled [a medical] appointment for [plaintiff] to investigate his application".

By order to show cause, plaintiff commenced this action against the City and its Mayor seeking a declaration that plaintiff is entitled to wages and benefits pursuant to General Municipal Law § 207-a for the injuries he suffered in June 1994 and an order enjoining defendants from withholding such wages and benefits in the future. In essence, the complaint alleges that, by virtue of an August 22, 1996 decision of the Workers' Compensation Board, defendants had adequate time to investigate plaintiff's General Municipal Law § 207-a "status" and had no reasonable basis or defense for denying his application. Plaintiff's request has never been granted or denied by defendants because, while in the process of reviewing it, they were enjoined by Supreme Court from requiring plaintiff to submit to a medical examination despite their statutory right to do so (*see*, General Municipal Law § 207-a [1]).

Quite clearly, plaintiff is not seeking any benefits at this time; he is not presently disabled, has been fully paid for the weeks he spent recuperating from surgery and has not incurred any unreimbursed medical expenses. He is attempting to establish his "status" (i.e., eligibility for General Municipal Law

§ 207-a benefits) now, in the event he should become disabled in the future. While the issue of whether the June 1994 injury occurred in the performance of his duties was decided in plaintiff's favor by the Workers' Compensation Board, we note that no findings were made by that body relative to plaintiff's future ability to perform his duties as a firefighter. Because courts in this State do not render advisory opinions, "[a] declaratory judgment is not available when the existence of a controversy is contingent upon the happening of future events which may never occur" (*Matter of Town of Coeymans v City of Albany*, 237 AD2d 856, 858, *lv denied* 90 NY2d 803; *see, American Ins. Assn. v Chu*, 64 NY2d 379, 385, *appeal dismissed, cert denied* 474 US 803). Even though plaintiff was injured in an accident which the Workers' Compensation Board found to be casually related to his employment, this does not automatically make plaintiff eligible for *future* General Municipal Law § 207-a benefits. Nor does the statute permit a firefighter the right to seek a "status" determination from a municipality in the absence of a current need for benefits.

Plaintiff contends that he is entitled to seek a determination from defendants "to insure [that] continuing medical treatments and future corrective surgery for his right knee are covered". As there exists a high degree of uncertainty as to whether these possible future events, which are not within the parties' control, may ever come to pass, declaratory relief is premature and the complaint must be dismissed (*see, e.g., Matter of Town of Coeymans v City of Albany, supra*; *Chase Manhattan Bank v Kress*, 131 AD2d 807, 808; *Board of Educ. v State of New York*, 111 AD2d 505, 507-508, *lv dismissed* 66 NY2d 603, 854).

Finally, to the extent that plaintiff's request can even be considered an application for "benefits" under General Municipal Law § 207-a, defendants have not made a determination as to his eligibility (which they are statutorily entitled to do after a medical examination), thereby providing another basis upon which to find that the current action is not properly before this Court (*see, Matter of D'Onofrio v City of Mount Vernon*, 226 AD2d 719, 719-720; *Matter of Gooshaw v Village of Massena*, 216 AD2d 819, 821). To this end, we note that whether an injury occurred in the course of firefighting duties is one of *two* necessary factors upon which General Municipal Law § 207-a benefits are dependant, the other being physical inability to perform regular duties (*see, Matter of Bernhard v Hartsdale Fire Dist.*, 226 AD2d 715, 716; *see also*, General Municipal Law § 207-a [1]). As noted, the determination of the Workers'

Compensation Board does not determine that plaintiff has a continuing disability or current physical inability to perform his duties.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, plaintiff's motion for summary judgment denied, defendants' motion to dismiss granted and complaint dismissed.