■ In the Matter of ORANGE COUNTY PUBLICATIONS, Appellant, v KIRYAS JOEL UNION FREE SCHOOL DISTRICT, Respondent. [724 NYS2d 167] —In a proceeding pursuant to CPLR article 78

to review a determination of the respondent dated January 14, 1999, which, in effect, denied its application pursuant to Public Officers Law article 6 for documents relating to certain legal fees incurred by the respondent, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Zambelli, J.), dated September 21, 1999, which granted the respondent's motion to dismiss the proceeding and, in effect, dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Orange County, for further proceedings.

On July 9, 1998, the petitioner requested certain documents from the respondent pursuant to the Freedom of Information Law (hereinafter FOIL) (see, Public Officers Law art 6). The request was addressed to Dr. Steven Bernardo, the Superintendent of the respondent Kiryas Joel Union Free School District (hereinafter the District). The material sought included documents relating to the legal fees incurred in connection with litigation relating to the constitutionality of the District.

On September 28, 1998, after several weeks elapsed with no response to the request for documents, the petitioner addressed a second request to Dr. Bernardo. The second application was couched in terms of an appeal on the assumption that Bernardo's failure to reply to the first request constituted a denial of that request (see, Public Officers Law § 89 [4] [a]).

On November 5, 1998, Dr. Bernardo sent the petitioner the particular form which, he asserted, had to be completed to process the FOIL request. It is unclear whether Dr. Bernardo was, at this point, acting in the capacity of a records access officer, to whom first level FOIL requests are properly addressed, or in his capacity as a FOIL appeals officer.

On January 6, 1999, the petitioner returned the completed form to Dr. Bernardo, and by letter dated January 14, 1999, Dr. Bernardo purportedly responded to the FOIL request by setting forth the sum of money allegedly spent on legal fees, i.e., $651,948.85. This letter stated that that sum reflects the "data requested." It is unclear whether Dr. Bernardo was, at this time, acting in response to the first-level FOIL request, or instead in response to the second request which the petitioner treated as an administrative appeal.

The petitioner, asserting that the response to its FOIL request was inadequate, commenced the instant proceeding pursuant to CPLR article 78 on February 22, 1999, and the Supreme Court granted the respondent's motion to dismiss the proceeding. The Supreme Court concluded that the petitioner's

second FOIL request had been denied as of October 8, 1998, that is, 10 days after the petitioner sent the respondent its letter dated September 28, 1998 (*see,* Public Officers Law § 89 [4] [a]). The Supreme Court deemed the letter dated September 28, 1998, an appeal of the respondent's failure to respond to the petitioner's first FOIL request. The Supreme Court reasoned that the respondent's failure to decide the appeal on or before October 8, 1998, constituted an implicit final denial of the request, and that the four-month Statute of Limitations began to run as of that day, relying on *Matter of Van Steenburg v Thomas* (242 AD2d 802). We disagree.

The respondent's letter dated November 5, 1998, which advised the petitioner of the allegedly proper procedure to obtain material under FOIL, and the letter dated January 14, 1999, which responded in part to the FOIL request, negates any possible conclusion that the respondent had, by default, issued a final and binding determination effective October 8, 1998. The four-month Statute of Limitations (*see,* CPLR 217) runs from the date that an agency's determination becomes final and binding. In this case, that date is January 14, 1999 (*see, Matter of Dworkin v New York State Dept. of Envtl. Conservation,* 229 AD2d 42). It is from this date, rather than from October 8, 1998, that the Statute of Limitations began to run (*see, Matter of De Corse v City of Buffalo,* 239 AD2d 949).

The respondent's argument that the petitioner failed to exhaust its administrative remedies is without merit. The respondent "failed to advise petitioner of the availability of an administrative appeal * * * (*see,* 21 NYCRR 1401.7 [b]) and failed to demonstrate in this proceeding that procedures for such an appeal had, in fact, even been established (*see,* Public Officers Law § 87 [1] [b])" (*Matter of Barrett v Morgenthau,* 74 NY2d 907, 909). That the petitioner was aware, in theory, of the availability of administrative review, as evidenced by its letter dated September 28, 1998, did not relieve the respondent of its responsibility to advise the petitioner that such review was available, and of the procedures for securing it (*see, Matter of Barrett v Morgenthau, supra*). Implicit in the respondent's argument that the petitioner failed to exhaust its administrative remedies is the notion that one single officer, Dr. Bernardo, was the official to whom both first level and second level FOIL requests could be addressed. Such a circumstance would violate the applicable rules (*see,* 21 NYCRR 1401.7 [b]) and render agency appellate review an absurdity.

Accordingly, the matter is remitted to the Supreme Court, Orange County, for further proceedings, including providing

the respondent with time to file an answer to the petition. Altman, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.