Matter of Portfolio Media, Inc. v New York State Off. of Ct. Admin. (2024 NY Slip Op 01523)

Matter of Portfolio Media, Inc. v New York State Off. of Ct. Admin.

2024 NY Slip Op 01523

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 159592/22 Appeal No. 1874 Case No. 2023-04956 

[*1]In the Matter of Portfolio Media, Inc., Appellant,
v
New York State Office of Court Administration, Respondent.

Miller Korzenik Sommers Rayman LLP, New York (Matthew A. Leish of counsel), for appellant.
David Nocenti, Office of Court Administration, New York (Robyn L. Rothman of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headly, J.), entered August 28, 2023, which granted respondent's cross-motion to dismiss as untimely the petition challenging the agency's partial denial of a request for records in accordance with the Freedom of Information Law (FOIL), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the motion denied, and the petition reinstated.
On April 11, 2022, petitioner submitted a FOIL request to the Office of Court Administration (OCA). OCA did not respond to the request within five business days, thus constructively denying the request (Public Officers Law § 89[3][a]). As a result, on May 13, 2022, petitioner sent an email stating that it was appealing OCA's constructive denial, and on May 27, 2022, OCA constructively denied that appeal by failing to respond within the 10 business days permitted under Public Officers Law § 89(4)(b). On June 16, 2022 and August 5, 2022, OCA's substantively denied the FOIL request, noting that under Public Officers Law § 89(4)(a), petitioner had 30 days to take a written appeal of that determination. OCA also responded on June 23, 2022 to the initial May 13 appeal, stating that its June 16 response to the FOIL request rendered the appeal moot. That same day, June 23, petitioner sent a letter to OCA appealing the June 16 substantive denial. OCA ultimately produced certain documents on July 27, 2022, but petitioner took the position that the production was incomplete and commenced this article 78 proceeding on November 8, 2022.
Ordinarily, a FOIL requester's statutory remedy for an untimely response is to deem the response a denial and begin a CPLR article 78 proceeding (Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 406 [1st Dept 2013], lv dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]). In that case, the four-month limitations period to challenge OCA's determination would have begun on May 27, 2022, when the statutorily mandated 10-day period to respond to the appeal expired (Matter of Jewish Press, Inc. v New York City Dept of Hous. Preserv. & Dev., 193 AD3d 483, 483 [1st Dept 2021], lv denied 37 NY3d 908 [2021]).
However, OCA's ongoing consideration of the request created an ambiguity and the impression of nonfinality regarding its May 27 constructive denial (see Matter of Burch v New York City Health and Hosps. Corp., 118 AD3d 454, 454 [1st Dept 2014]). Twice, on June 16 and August 5, 2022, OCA issued substantive rulings on the FOIL request, stating that petitioner had 30 days to take a written appeal of the determination. OCA's treatment of its May 27 constructive denial as a final agency determination is inconsistent with its statements notifying petitioner that it had opportunities for further administrative appeals (see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]). Thus, petitioner was justified in pursuing the administrative [*2]appeals that OCA appeared to offer rather than commencing what would have been a timely article 78 proceeding.
OCA created further doubt about the finality of its May 27 constructive denial when it wrote in its June 23, 2022 email that its substantive response to the FOIL request rendered the appeal of the constructive denial moot and issued a ruling on petitioner's appeal. OCA's contention that petitioner's May 13, 2022 appeal was denied with finality on May 27 is incompatible with its later characterization of that appeal as moot. Similarly, the July 27, 2022 production letter from OCA stated that OCA was producing records in response to petitioner's FOIL request, which, according to OCA, had been "remanded back . . . in response" to petitioner's appeal. Petitioner was justified in its understanding that its request had not been denied with finality on May 27, as it could not have been both conclusively denied and simultaneously "remanded back . . . in response" to petitioner's June 23, 2022 appeal.
Because OCA created an ambiguity, it is resolved against the agency, and the petition is deemed timely (see Matter of Burch v New York City Health and Hosps. Corp., 118 AD3d 454 [1st Dept 2014]; see also Matter of Orange County Publs. v Kiryas Joel Union Free School Dist., 282 AD2d 604, 606 [2d Dept 2001]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024