■ CITY OF BUFFALO, Appellant-Respondent, v BUCHOLTZ AVIATION, INC., Respondent-Appellant.—Order unanimously modified on the law to grant judgment in accordance with memorandum herein and as modified affirmed without costs. Memorandum: Plaintiff moved for summary judgment declaring that defendant is operating a heliport within the limits of the City of Buffalo in violation of General Business Law § 249. Plaintiff also seeks a permanent injunction enjoining the heliport operation. Defendant cross-moved for summary judgment seeking, *inter alia,* a declaration that the heliport was lawfully established pursuant to an ordinance of the City of Buffalo then in effect *(see,* former Buffalo Code, ch VII, art I-a, § 2 [a]). Supreme Court's order denying both motions must be modified and summary judgment granted to plaintiff.

On February 23, 1987, defendant completed the purchase of land intended for use as a heliport site. Prior to the closing, defendant had applied to the Federal Aviation Administration (FAA) for approval and had applied to the City Director of Licenses for a permit to use the property as a heliport. On April 3, 1987, the FAA approved defendant's application for use of airspace and on April 27, 1987, the License Director, with the approval of the Police Commissioner, issued a temporary permit to the defendant to use the site as a heliport.

In issuing the permit, the Director of Licenses acted under an ordinance which had been in effect before enactment of General Business Law § 249, which became effective January 1, 1970. Section 249 requires the authorization of the local legislative body and a determination by the State Commissioner of Transportation of compliance with his regulations before any airport facility may be approved. The former ordinance, which provided for local authorization by the Director of Licenses and Commissioner of Police but not the Common Council, and permitted local approval without a State determination of compliance, was inconsistent with General Business Law § 249 and was, therefore, invalid *(see, Pero v City of Batavia,* 99 AD2d 668, *affd* 63 NY2d 971). The Director of Licenses was powerless to authorize the heliport and the temporary permit he issued was without legal effect *(see, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 371). It follows that plaintiff is entitled to a declaration that the heliport is being operated in violation of General Business Law § 249.

We also conclude that plaintiff is entitled to the injunctive relief it seeks. In this regard, there is no merit to defendant's argument that the doctrine of estoppel should be invoked

against plaintiff. Generally, estoppel may not be invoked against a municipality to prevent it from discharging its statutory duties or to compel the ratification of an administrative error *(see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, appeal dismissed and cert denied — US —, 109 S Ct 30; Scruggs-Leftwich v Rivercross Tenants' Corp., 70 NY2d 849; Morley v Arricale, 66 NY2d 665)*. Although the Director of Licenses erred in issuing a temporary permit for the heliport, it is equally clear that the exercise of reasonable diligence by defendant would have readily uncovered the existence of General Business Law § 249 *(see, Matter of Parkview Assocs. v City of New York, supra,* at 282). Defendant should have been aware that it could acquire legal authorization for the heliport only in accordance with the requirements of that statute *(see, Thomson Indus. v Incorporated Vil. of Port Washington N., 27 NY2d 537; see also, Matter of Boardwalk & Seashore Corp. v Murdock, 286 NY 494, 498; Matter of Dyl & Dyl Dev. Corp. v Building Dept., 31 AD2d 818)*. Thus, the doctrine of estoppel will not be invoked against plaintiff.

We have reviewed defendant's other arguments on appeal and find them to be without merit. We note, however, that the Common Council has amended the city ordinance to comport with State law *(see, Buffalo Code, ch VII, art I-a, § 3)* and defendant is not precluded from filing an appropriate application for approval of the heliport operation pursuant to that ordinance. It does not appear in this record that such an application has been filed. (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.