■ In the Matter of MODERN LANDFILL, INC., Appellant-Respondent, v THOMAS JORLING, as Commissioner of New York State Department of Environmental Conservation, Respondent, and TOWN OF LEWISTON, Intervenor-Respondent-Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In 1983 petitioner was granted a permit by the New York State Department of Environmental Conservation (DEC) to operate a sanitary landfill in the Town of Lewiston, New York. The permit in part authorized a sideslope ratio of 1 to 4 resulting in a maximum height for the landfill of 37 feet. In December 1985 petitioner submitted an application for the renewal of the permit, which stated that the renewal "will not have any significant effects on the available waste volume, the slope of the final cover or the leachate collection system." The renewal application was treated by DEC as a Type II SEQRA action and, therefore, no environmental impact statement was prepared *(see,* 6 NYCRR 617.13 [d] [16]). A renewal permit was issued on September 12, 1986. After the permit was issued, a controversy arose between petitioner and DEC regarding conditions set forth in the permit. An agreement was reached and a revised renewal permit was issued on November 18, 1986, which authorized a side-slope ratio of 1 to 3 resulting in the maximum height of the landfill increasing from 37 feet to 180 feet. Despite that significant change in the terms of the permit, no SEQRA review was undertaken. In 1987, DEC, realizing its error, notified petitioner of its intent to modify the permit by reduc-

ing the authorized height to 37 feet. After a hearing, the Administrative Law Judge concluded that the November 18, 1986 permit was a nullity because of DEC's failure to comply with SEQRA. The Commissioner of DEC adopted the Administrative Law Judge's report and declared that permit to be null and void.

Petitioner contends that the Commissioner of DEC acted in excess of his lawful authority in nullifying the revised renewal permit. We disagree. An administrative agency can annul its prior determination where there "was irregularity in vital matters, illegality or conduct tantamount to fraud" *(Matter of Drew v State Liq. Auth.,* 2 NY2d 624, 627). Here, it is conceded that DEC failed to comply with SEQRA in issuing the permit. Compliance with SEQRA promotes the protection of the environment, which is one of the State's foremost concerns *(see,* ECL 8-0103). If an agency acts without compliance with SEQRA, its action is "void and, in a real sense, unauthorized" *(Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 371). Since DEC's issuance of the permit without compliance with SEQRA constituted an irregularity in a matter of foremost State policy concern, it was within the Commissioner's authority to correct the error by nullifying the permit *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed and cert denied* 488 US 801; *Matter of Drew v State Liq. Auth., supra; City of Buffalo v Bucholtz Aviation,* 147 AD2d 915, *appeal dismissed* 74 NY2d 714).

Respondent-intervenor Town of Lewiston cross-appeals from so much of Supreme Court's order as annulled the Commissioner's determination requiring petitioner to submit an application to DEC for ratification of the increase in height of the landfill from 37 feet to its present height of over 90 feet. Although DEC has not appealed from that part of the order, we find that the Town of Lewiston has a "significant interest" in compelling enforcement of SEQRA *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 529) and, therefore, the town is entitled to demand that DEC comply with the mandates of the act *(supra,* at 528).

While it is true that the environmental review options available to an agency are not as broad after construction as they would be if environmental review had been timely performed *(see, Matter of E.F.S. Ventures Corp. v Foster, supra,* at 372-373), nevertheless, under the peculiar circumstances we see here, the DEC has both the power and the duty to assess the consequences of the significant expansion of this landfill

project *(see, Matter of Har Enters. v Town of Brookhaven, supra,* at 528-529; *Matter of E.F.S. Ventures Corp. v Foster, supra,* at 368-371). The agency is required to identify the relevant areas of environmental concern, take a hard look at them, and make a reasoned elaboration of the basis for its determination *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). Since that has not been done here, the court erred in annulling that portion of the Commissioner's order which directed petitioner to submit an application in accordance with 6 NYCRR part 621 for ratification of the increase in height of the landfill from the authorized 37-foot level to its present height. Accordingly, the Commissioner's determination must be confirmed in all respects. (Appeal from judgment of Supreme Court, Niagara County, Fallon, J. —art 78.) Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.