■ In the Matter of MICHAEL D. ZAGATA, as Commissioner of the Department of Environmental Conservation of the State of New York, Appellant, v FRESHWATER WETLANDS APPEALS BOARD et al., Respondents. [663 NYS2d 881] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Freshwater Wetlands Appeals Board dated January 10, 1996, which denied the application of the petitioner Commissioner of the Department of Environmental Conservation to dismiss an appeal filed with the Freshwater Wetlands Appeals Board by the respondent 628 Land Associates, the appeal is from a judgment of the Supreme Court, Richmond County (Cusick, J.), entered June 19, 1996, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is granted, and the determination of the New York State Freshwater Wetlands Appeals Board dated January 10, 1996, is annulled.

The respondent 628 Land Associates applied for a permit to develop a parcel of Staten Island freshwater wetlands as a shopping mall. After the developer served the petitioner Department of Environmental Conservation (hereinafter the DEC) with a five-day demand for a decision on its application, the application was denied and the developer sought a hearing to review the denial. The Administrative Law Judge assigned to the matter found that no hearing could be held in the absence of a determination by the DEC under the State Environmental Quality Review Act (ECL 8-0101, et seq. [hereinafter SEQRA]), and directed the DEC to conduct an expedited

review. The expedited SEQRA review resulted in a "Positive Declaration", which, according to the DEC interpretation of the pertinent regulation (see, 6 NYCRR 621.7 [f]), the developer could challenge only at the adjudicatory hearing.

The developer then moved to dismiss the permit proceedings pending before the Administrative Law Judge, claiming that the denial of its permit application in response to the five-day demand was a "final" determination, and therefore the Freshwater Wetlands Appeals Board (hereinafter Appeals Board) could immediately review its contention that the DEC lacked jurisdiction to require an adjudicatory hearing or compliance with SEQRA. The Administrative Law Judge denied the motion, finding that the denial had been "non-final", and that the developer was obliged to compile an environmental impact statement and proceed to the hearing. The respondent Commissioner of the New York State Department of Environmental Conservation (hereinafter the Commissioner) affirmed the determination of the Administrative Law Judge in an interim decision dated September 12, 1994, and the developer appealed the interim decision to the Appeals Board. The DEC moved to dismiss the appeal on the ground that the Appeals Board lacked jurisdiction to review it, as it was a non-final determination. The Appeals Board denied the motion to dismiss the appeal, and the DEC commenced the instant proceeding to challenge the denial. The Supreme Court denied the petition and dismissed the proceeding, and we reverse.

Under well-established principles of administrative law, an applicant may not seek review of an agency determination from any appellate body until it has exhausted its administrative remedies (see, e.g., Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375). Here, among other things, the Commissioner has had no opportunity to review the merits of the permit application by the developer (see, e.g., Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:7, at 42). Moreover, the basic agency action complained of—the DEC's denial of the permit application in response to the developer's five-day demand—is legally indistinguishable from a comparable, preliminary agency response issued in full compliance with ECL 70-0109 (3) (a) and 6 NYCRR 621.7 (f), which can only be challenged at an adjudicatory hearing.

The Commissioner's interim decision that a hearing must be conducted on the developer's permit application is also not a final determination that is ripe for review by the Appeals Board

(*see, Matter of Van Patten v Ingraham*, 51 Misc 2d 244, 247). Among other things, it does not constitute "a definitive position" (*Matter of Dozier v New York City*, 130 AD2d 128, 133) by the agency that has caused the developer "an 'actual, concrete injury'" (*Matter of Dozier v New York City, supra*, at 134).

Finally, the public's right to participate in environmental decision-making is embodied in the SEQRA legislation, and cannot be waived or forfeited by any party, including the DEC, *unless*, as expressly provided in ECL 70-0109 (3) (b) and 6 NYCRR 621.9 (c), the DEC defaults in responding to a five-day demand. As that is not the case here, the DEC decision, made without benefit of SEQRA review, is non-final by definition (*see, e.g., Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 371; *see also, Matter of Modern Landfill v Jorling*, 161 AD2d 1112). Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.