■ In the Matter of ANDREA STASKOWSKI, Appellant, v SEAN FANELLI et al., Respondents. [852 NYS2d 231]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Promotion and Tenure Committee of Nassau Community College dated December 20, 2005, denying the petitioner's application to withdraw her request for a pretermination hearing, and an action for declaratory relief, the petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Alpert, J.), entered July 5, 2006, as, upon a decision of the same court dated April 17, 2006, denied the petition,

dismissed the proceeding, and declared that the respondents could proceed with the pre-termination hearing in the petitioner's absence.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"For a challenge to administrative action to be ripe, the administrative action sought to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate" (*Weingarten v Town of Lewisboro,* 77 NY2d 926, 928 [1991]). Here, the matter is not ripe for judicial review as the challenged determination does not constitute a "definitive position" inflicting "an actual, concrete injury" (*Matter of Essex County v Zagata,* 91 NY2d 447, 453 [1998] [internal quotation marks omitted]; *see Matter of Zagata v Freshwater Wetlands Appeals Bd.,* 244 AD2d 343, 344-345 [1997]). Moreover, "the claimed harm may be prevented or significantly ameliorated by further administrative action" (*Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520 [1986], *cert denied* 479 US 985 [1986]).

In light of our determination, we need not reach the petitioner's remaining contentions. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.