■ In the Matter of PC GROUP, LLC, Respondent, v ALEXANDER B. GRANNIS et al., Appellants. [921 NYS2d 283]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel Alexander B. Grannis and the New York State Department of Environmental Conservation to conduct an adjudicatory hearing to review the denial of the petitioner's consolidated permit application, Alexander B. Grannis and the New York State Department of Environmental Conservation appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Maltese, J.), entered June 23, 2010, which, in effect, denied their motion to dismiss the petition, in effect, granted the petition, and directed them to immediately conduct an adjudicatory hearing and issue a determination on the merits of the denial of the petitioner's permit application.

Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss the petition is granted, and the proceeding is dismissed on the merits.

The petitioner is the owner and developer of a residential waterfront development called The Tides at Charleston located along the Arthur Kill on the western shore of Staten Island. In November 2007, the petitioner submitted a consolidated permit application to the Department of Environmental Conservation (hereinafter the DEC) for, among other things, the construction of a timber pier and a steel-pile bulkhead adjacent to The Tides at Charleston. In February 2009 the petitioner served the DEC with a five-day demand for a decision on its application. Thereafter, the DEC issued a letter in response wherein it stated, inter alia, that the "permits sought by the subject application are denied." The petitioner then requested an adjudicatory hearing to review the grounds of the denial. The Administrative Law Judge (hereinafter the ALJ) granted the DEC's request to

postpone the hearing pending an expedited review under the State Environmental Quality Review Act (*see* ECL 8-0101) (hereinafter SEQRA). The Commissioner of the DEC denied the petitioner's motion for leave to file an expedited appeal from the ALJ's ruling.

The petitioner then commenced this CPLR article 78 proceeding to compel the appellants to immediately conduct an adjudicatory hearing on the denial of its permit application. The appellants moved to dismiss the petition, inter alia, pursuant to CPLR 7804 (f). In an order and judgment entered June 23, 2010, the Supreme Court, in effect, denied the motion to dismiss, in effect, granted the petition, and directed the respondents to immediately conduct an adjudicatory hearing and issue a determination on the merits of the denial of the petitioner's permit application. We reverse.

The petitioner has not demonstrated a "clear legal right" to an immediate adjudicatory hearing on its permit application, as it is undisputed that there had been no SEQRA review at that point in the permit process and, thus, its application was incomplete. Adjudicatory hearings are only warranted when there is a "complete" application (*see* ECL 70-0105 [2]; 70-0119; 8-0109 [5]; 6 NYCRR 617.3 [c]; 621.10 [a]). Moreover, contrary to the petitioner's contention, the DEC's response to the petitioner's five-day demand letter did not constitute the final determination, since it was issued without the benefit of SEQRA review and, thus, was "non-final by definition" (*Matter of Zagata v Freshwater Wetlands Appeals Bd.*, 244 AD2d 343, 345 [1997]; *see Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 371 [1988]). Accordingly, in the absence of a clear legal right to the relief sought, the relief of mandamus to compel was not available (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]), and it was error for the Supreme Court to, in effect, grant the petition, and direct an immediate adjudicatory hearing on the merits of the permit denial at this stage of the permit review process.

The parties' remaining contentions are without merit. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.