■ In the Matter of WENDY DE GROAT, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered July 31, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Higher Education Services Corporation denying petitioner a Tuition Assistance Program award. In May, 1979, petitioner applied for a Tuition Assistance Program (TAP) award for the academic year 1979-1980. Claiming financial independence, she did not include her parents' income. Respondent replied by sending her a financial independence supplement (FIS) form, which petitioner returned uncompleted with a letter stating that it did not apply to her because she was married. On August 14, 1979, respondent issued her a certificate stating "Financial independence denied. You did not show unusual and exceptional family circumstances that allow exclusion of parental income". Petitioner then wrote respondent questioning why she had been denied an award. She received an answer explaining that because she was under 22 years old as of July 1 of that academic year, in order to demonstrate financial independence she had to submit a FIS form and an affidavit from a third party

setting forth any "unusual and exceptional family circumstances" (Education Law, § 663, subds 3, 4; 8 NYCRR 2202.4 [a] [3]). Petitioner promptly submitted these documents. Some five months later she received a form letter, dated May 9, 1980, stating that she had not demonstrated financial independence, and a second certificate, dated May 21, 1980, identical to the August 14, 1979 certificate, again stating "Financial independence denied" and granting no award. Petitioner now wrote "HELP", a consumer column in her local newspaper, for assistance in getting a TAP award. HELP contacted respondent, and on October 7, 1980, respondent's head clerk wrote petitioner a letter explaining that she had not received an award because her FIS form and third-party affidavit had not demonstrated the requisite "unusual circumstances" for financial independence. In January, 1981, petitioner brought the instant article 78 proceeding to annul respondent's determination. Respondent moved to dismiss on the ground that the proceeding was time barred under CPLR 217. Special Term found that the four-month Statute of Limitations under CPLR 217 began to run on May 21, 1980, when petitioner received the second award certificate, and that, therefore, the January, 1981 proceeding was untimely commenced. The petition was dismissed, and petitioner has appealed. Petitioner contends that the four-month Statute of Limitations did not begin to run until she received the October 7, 1980 letter of explanation from respondent's head clerk, the first time petitioner was assured that respondent had received and considered her FIS form and third-party affidavit. However, whether respondent actually reviewed claimant's supplementary documentation is irrelevant. The four-month limitation period is measured from the date when the determination becomes final and binding upon the petitioner, i.e., when the challenged determination has its impact upon the petitioner and is ripe for review in an article 78 proceeding (*Matter of Munice v Board of Examiners of Bd. of Educ.*, 31 NY2d 683; *Matter of Dominick Dan Alonzo, Inc . v Levitt*, 73 AD2d 741). Certainly the May 21, 1980 award certificate stating "Financial independence denied" and containing no request for further information or documentation was such a final determination from which petitioner could have appealed. The October 7, 1980 explanatory letter from respondent's head clerk did not detract from the certificate's binding effect or finality (*Matter of Munice v Board of Examiners of Bd. of Educ., supra*). Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.