■ In the Matter of ROCHESTER TELEPHONE MOBILE COMMUNICATIONS, Appellant, v NEIL OBER, as Chairman of the

Planning Board of the Town of Ogden, et al., Respondents, and Ogden Citizens for Responsible Land Use, Inc., Intervenor-Respondent. [674 NYS2d 189] —Judgment unanimously affirmed with costs. Memorandum: Petitioner appeals from a judgment dismissing its petition challenging the issuance of a "positive declaration" (6 NYCRR 617.2 [ac]) issued by the Planning Board of the Town of Ogden (Planning Board). We agree with Supreme Court that the issuance of a positive declaration is not final agency action subject to CPLR article 78 review. The issuance of a positive declaration merely requires that either the applicant or the designated lead agency prepare a draft environmental impact statement (DEIS) analyzing the potential environmental impacts of a project. Upon completion of the DEIS and other steps required by the State Environmental Quality Review Act ([SEQRA] ECL art 8), the lead agency may approve or disapprove the project. Thus, the positive declaration requiring the preparation of a DEIS is, "like other SEQRA determinations, 'a preliminary step in the decision-making process' and, therefore, not ripe for judicial review" (*Matter of Town of Coeymans v City of Albany*, 237 AD2d 856, 857, *lv denied* 90 NY2d 803, quoting *Matter of Young v Board of Trustees*, 221 AD2d 975, 977, *affd* 89 NY2d 846).

Additionally, petitioner did not sustain an actual, concrete injury by the issuance of a positive declaration (*cf., Matter of Zagata v Freshwater Wetlands Appeals Bd.*, 244 AD2d 343). The alleged harm "may be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520, *cert denied* 479 US 985). Here, it is possible that petitioner's application will be granted following preparation of the DEIS, and thus the Planning Board's issuance of a positive declaration does not constitute a definitive position on an issue that inflicts an actual, concrete injury (*see, Matter of Essex County v Zagata*, 91 NY2d 447). As the Court of Appeals recently held, "To allow immediate article 78 review * * * would unnecessarily interfere with the agency process and waste judicial resources. Accordingly, [challenges to interim decisions] should be reviewed by a court only after a final determination—which might effectively render the dispute academic—is reached by the agency" (*Matter of Essex County v Zagata, supra*, at 455-456).

The court also properly held that the proceeding is untimely (*see,* Town Law § 274-a [11]). Petitioner commenced the proceeding more than 30 days after the decision was filed in the clerk's office. Petitioner's contention that respondents are

equitably estopped from raising the affirmative defense of the Statute of Limitations is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Kehoe, J.—CPLR art 78.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.