■ In the Matter of SOUR MOUNTAIN REALTY, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [688 NYS2d 842] —Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 11, 1998 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for, *inter alia*, failure to state a cause of action.

The petition challenges the issuance by respondent State Department of Environmental Conservation (hereinafter DEC) of a positive declaration requiring that petitioner prepare a supplemental environmental impact statement (hereinafter SEIS) to address the discovery—subsequent to DEC's acceptance of petitioner's draft environmental impact statement (hereinafter DEIS)—of timber rattlesnakes, a threatened species, in close proximity to property on which petitioner has proposed a surface rock mining operation. In 1990, petitioner applied to DEC, *inter alia*, for a permit pursuant to the Mined Land Reclamation Law (hereinafter MLRL) (*see*, ECL 23-2701 *et seq.*) to quarry rock products from approximately 120 acres of its property located in the Town of Fishkill, Dutchess County, with an additional 50 acres to be utilized for auxiliary uses. The proposed mine has a projected life expectancy of 150 years based on an annual mine rate of 350,000 tons. It is adjacent to land administered by the State Department of Parks, Recreation and Historic Preservation, as part of Hudson Highlands State Park.

In July 1991 DEC, acting as lead agency in the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) process, issued a positive declaration requiring preparation of a DEIS (*see*, 6 NYCRR 617.4, 617.7). After petitioner's submission of three deficient DEISs between 1992 and 1995, DEC accepted as complete the fourth DEIS in May 1995. The accepted DEIS indicates, *inter alia*, that historically the closest known timber rattlesnake den existed approximately 1 to 1.5

miles from the proposed site; it also analyzed the project's impact on this threatened species and proposed related mitigation measures (*see*, 6 NYCRR part 182; ECL 11-0535). The DEIS indicates that the investigation of the proposed site did not reveal any active dens, although denning conditions were present thereon and that the proposed site was determined to be within the snakes' summer range; it also concludes that adjacent property may contain a den site or be within the transient or summer range of the active den site.

In September and October 1996, rattlesnake investigators reported to DEC that they observed timber rattlesnakes on the property adjacent to the proposed site and, based upon their behavior patterns, the probable den location was determined to be as close as 250 feet from the proposed site. After the snakes emerged from hibernation the following spring, the location of the den was confirmed to be approximately 260 feet from the proposed project site boundary. As a result, DEC issued a positive declaration on January 30, 1997, requiring preparation of a SEIS to address this newly discovered information (*see*, 6 NYCRR 617.8 [g]; 617.9 [a] [7]).

Petitioner then commenced this CPLR article 78 proceeding seeking to annul DEC's positive declaration requiring a SEIS as unauthorized, arbitrary and capricious and an abuse of discretion. Supreme Court, in a well-reasoned decision, granted DEC's motion to dismiss all of petitioner's causes of action on either finality grounds or for failure to state a cause of action.

We affirm. DEC's issuance of a positive declaration requiring preparation of a SEIS to address newly discovered information (*see*, 6 NYCRR 617.9 [a] [7]) is not a final determination (*see*, CPLR 7801 [1]); rather, like other interim SEQRA determinations, it is " 'a preliminary step in the decision-making process' and, [as such, is] not ripe for judicial review" until the decision-making process is completed (*Matter of Town of Coeymans v City of Albany*, 237 AD2d 856, 857, *lv denied* 90 NY2d 803 [lead agency designation], quoting *Matter of Young v Board of Trustees*, 221 AD2d 975, 977, *affd* 89 NY2d 846 [negative declaration]; *see*, *Matter of PVS Chems. v New York State Dept. of Envtl. Conservation*, 256 AD2d 1241 [positive declaration for DEIS]; *Matter of Rochester Tel. Mobile Communications v Ober*, 251 AD2d 1053; *Matter of Save the Pine Bush v City of Albany*, 117 AD2d 267, 269, *mod on other grounds* 70 NY2d 193). Allowing piecemeal review of each determination made in the context of the SEQRA process would subject it to "unrestrained review which could necessarily result in significant delays in what is already a detailed and lengthy process" (*Matter of Town of Coeymans v City of Albany, supra*, at 857).

Contrary to petitioner's assertions, requiring a SEIS to address this specific new information and changed circumstances did not in any way "nullify" DEC's acceptance of the DEIS, which was prepared prior to the discovery of and thus without the benefit of this new development, i.e., the SEIS will *supplement* the DEIS, not replace it (*see*, 6 NYCRR 617.9 [a] [7]; *see also*, 6 NYCRR 617.8 [g]), and will be subject to SEQRA's administrative review procedures (6 NYCRR 619.9 [a] [7] [iii]). Petitioner may well obtain approval of its permit application following preparation of a SEIS and thus, notwithstanding the considerable expenses and time associated with its preparation, it cannot be said that DEC's issuance of this positive declaration constitutes a "definitive" position on an issue which inflicts an actual, concrete injury (*see*, *Matter of Essex County v Zagata*, 91 NY2d 447, 453-455; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520; *Matter of Rochester Tel. Mobile Communications v Ober, supra*). While CPLR article 78 review is available to challenge DEC's determinations under the MLRL (*see*, ECL 23-2721), only final determinations are reviewable under CPLR article 78 (*see*, CPLR 7801 [1]). Thus, Supreme Court properly dismissed the second cause of action and part of the third cause of action challenging DEC's interim positive declaration.

Petitioner's first cause of action asserts that the SEQRA regulation authorizing a lead agency to require preparation of a SEIS (*see*, 6 NYCRR 617.9 [a] [7]) is without statutory authority and ultra vires; this claim was correctly dismissed for failure to state a cause of action. The Legislature has delegated broad authority to DEC to promulgate regulations governing the EIS process (*see*, ECL 8-0113), which is the heart of SEQRA (*see*, *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 415); this grant of authority necessarily includes the power to adopt regulations enabling lead agencies to determine whether a DEIS is adequate in scope and content (*see*, 6 NYCRR 617.9 [a] [2]) and, if not, to require a SEIS to address specific significant adverse environmental impacts not adequately addressed in the DEIS (*see*, 6 NYCRR 617.9 [a] [7]; *Matter of West Vil. Comm. v Zagata*, 242 AD2d 91, 97, *lv denied* 92 NY2d 802; *see also*, *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471, 480; *Matter of Jackson v New York State Urban Dev. Corp., supra*, at 429). The regulation authorizing preparation of a SEIS furthers, and is fully consistent with, SEQRA's stated purpose and statutory scheme requiring a detailed analysis of significant environmental effects of proposed projects, and is not ultra vires (*see*, ECL 8-0109, 8-0101, 8-0103; *Finger Lakes Racing Assn. v New York*

*State Racing & Wagering Bd., supra*, at 480-481; *see also, Matter of Jackson v New York State Urban Dev. Corp., supra*, at 415-416, 429).

Likewise, petitioner's fourth claim that the MLRL (*see,* ECL 23-2701 *et seq.*) does not provide for a SEIS and supersedes SEQRA is also meritless. The MLRL's supersession provision is narrow in that it only preempts State and local laws "relating to the extractive mining industry" (ECL 23-2703 [2]); SEQRA, like a local zoning ordinance, is a law of general applicability and does not regulate actual mining operations, activities or processing and, as such, does not frustrate the MLRL's purposes or conflict with its provisions and is not preempted (*see,* ECL 8-0101 *et seq.; Matter of Frew Run Gravel Prods. v Town of Carroll*, 71 NY2d 126, 130-133; *see also, Matter of Hunt Bros. v Glennon*, 81 NY2d 906, 909).

Petitioner's conclusory allegations in its third and fifth causes of action that DEC's issuance of the positive declaration requiring preparation of a SEIS constituted an unreasonable delay in the processing of its permit application, thereby depriving it of due process, do not state a cause of action. The due process allegations are essentially a thinly disguised challenge to DEC's interim determination requiring a SEIS, which we have held is not ripe for review (*see, Matter of Town of Coeymans v City of Albany*, 237 AD2d 856, *supra*). Further, the petition only attributes approximately one year of the permit process to DEC, and it is evident that much of the delay is attributable to deficiencies in the DEISs prepared by petitioner and appeals from Administrative Law Judge rulings. Also, as no final determination has been made, the State Administrative Procedure Act § 301 (1) claims are not ripe (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 180). To the extent these causes of action purport to challenge DEC's determinations that the first three DEISs were inadequate, they were interim SEQRA rulings which are not final determinations and are likewise not ripe for review (*see, Matter of Town of Coeymans v City of Albany, supra*, at 856).

Further, petitioner's sixth cause of action alleging a deprivation of equal protection was correctly dismissed. This claim conclusorily asserts that DEC issued mine permits to other similarly situated mines located near or adjacent to petitioner's property without requiring any analysis of impacts on nearby timber rattlesnakes, and that no other mine in this State has ever been required to prepare a SEIS to address a den not located on its proposed site. Petitioner has not made any factual showing that these mines were "similarly situated" with re-

spect to the proximity of timber rattlesnakes or their dens to proposed mining sites, or that DEC's allegedly unequal enforcement or selective application of SEQRA was deliberately based upon impermissible factors (*see, Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693). Finally, petitioner's claims directed at DEC's alleged noncompliance with the Uniform Procedures Act (ECL 70-0101 *et seq.*) may not be raised for the first time on appeal (*see, Matter of Puff v Jorling*, 188 AD2d 977, 981).

Notably, after this appeal was argued in this Court, the Second Department invalidated Local Laws, 1993, No. 4 of the Town of Fishkill—which had rezoned 213 acres of petitioner's property from Residential to Planned Industrial; the decision was based upon the Town Board's failure under SEQRA to comprehensively review that 1993 rezoning along with subsequently enacted local laws which permitted mining in Planned Industrial districts as of right and authorized mining on this site (*see, Matter of Scenic Hudson v Town of Fishkill Town Bd.*, 258 AD2d 654). The Second Department observed that under the Town zoning ordinance as currently in effect, mining is a prohibited use in all residentially zoned parcels in the Town (*id.*, at 656; *see*, Town Code of Town of Fishkill § 150-33 [A], as amended by Local Laws, 1997, No. 3 of Town of Fishkill). Indeed, it will be a matter for the Town Board rather than DEC to determine whether to amend the Town's zoning ordinance or to rezone petitioner's property to authorize mining thereon in accordance with the Second Department holding, as the MLRL does not preempt a town's authority to regulate land use within its boundaries by means of its zoning powers (*see, Matter of Frew Run Gravel Prods. v Town of Carroll*, 71 NY2d 126, 131-134, *supra*; *see also, Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 680-683). That is, while DEC may continue to process petitioner's MLRL permit application, petitioner must now look to the Town Board for relief from the current Town zoning ordinances to permit any mining on the proposed site.

We have considered petitioner's remaining contentions and conclude they do not warrant disturbing Supreme Court's judgment.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.