■ In the Matter of BRIERWOOD VILLAGE, INC., Appellant, v TOWN OF HAMBURG PLANNING BOARD et al., Respondents. [715 NYS2d 351] —Judgment unanimously affirmed without costs. Memorandum: The issuance of a positive declaration requiring petitioner to prepare a supplemental environmental impact statement with regard to its application for site plan approval "is ' "a preliminary step in the decision-making process" and, [as such, is] not ripe for judicial review' until the decision-making process is completed" (*Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 921, *lv denied* 93 NY2d 815; *see, Matter of PVS Chems. v New York State Dept. of Envtl. Conservation*, 256 AD2d 1241; *Matter of Rochester Tel. Mobile Communications v Ober*, 251 AD2d 1053, 1054). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—CPLR art 78.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GREER, Appellant. [716 NYS2d 177] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to assault in the second degree (Penal Law § 120.05 [4]). On appeal, he contends that his plea allocution was inadequate because he raised a possible justification defense and County Court failed to conduct a sufficient inquiry to ensure that the plea was knowing and voluntary (*see, People v Lopez*, 71 NY2d 662, 666-667). We disagree. The record establishes that, when defendant made statements that raised the possibility of a justification defense, the court advised defendant that he had the right to present a justification defense at trial, and properly conducted a sufficient further inquiry to ensure that the plea was knowing and voluntary (*see, People v Lopez, supra*, at 667-668). (Appeal from Judgment of Jefferson County Court, Clary, J.—Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.