■  In the Matter of MICHAEL BENINCASA, Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. [724 NYS2d 878] —In a proceeding pursuant to CPLR article 78, *inter alia*, in the nature of mandamus to compel the issuance of a building permit for the construction of a single-family dwelling, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated January 12, 2000, which granted the petition to the extent of directing the New York State Department of Environmental Conservation, John Pavacic, Kevin Kispert, and Roger Evans to determine the petitioner's application for such a permit within 30 days after service upon them of a copy of the judgment with notice of entry.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The Court of Appeals has stated that "absent extraordinary circumstances, a court may not intervene in an administrative proceeding, for reason of adjudicatory delay, until a hearing has been held and an official order rendered" (*Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180, *cert denied* 476 US 1115; *see, Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920). The circumstances of this case did not warrant the Supreme Court's intervention in the ongoing administrative procedure.

We note our disagreement with the appellants' argument that the present appeal has been rendered academic because an adjudicatory hearing has been convened during the pendency of the appeal. The judgment appealed from required not only the convening of a hearing, but also, the rendering of a final determination within a certain time. We further observe that, had the appellants been convinced of the correctness of their argument that the appeal is academic, they would have been bound to withdraw their appeal (*see,* 22 NYCRR 670.2 [g]; *Khazadian v Ganek,* 257 AD2d 607). Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.