■ In the Matter of RICHARD P. GILMORE, Appellant, v PLANNING BOARD OF TOWN OF OGDEN et al., Respondents, et al., Respondents. [791 NYS2d 804]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered December 22, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition against respondents Planning Board of Town of Ogden and Town of Ogden as time-barred.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Talco Contractors, Inc. (Talco), petitioner's predecessor in interest, owned a parcel of property in respondent Town of Ogden (Town) in 1997, at which time respondent Planning Board of the Town (Board) approved a site plan application for an apartment complex on an adjacent parcel of property. Talco's parcel became landlocked and without access to utilities as a result of the construction of the apartment complex and an earlier highway project. After construction of the apartment complex began, Talco lost the parcel through a tax foreclosure, and the parcel thereafter was purchased by petitioner. By letter to the Board dated February 3, 2003, petitioner asked the Board to reconsider its approval of the site plan application for the apartment complex, and petitioner commenced this proceeding upon notification that the Board refused to do so.

Supreme Court properly granted the motion of the Town and the Board (collectively, respondents) seeking dismissal of the petition against them as time-barred. The statute of limitations for this proceeding began to run when the Board's decision approving the site plan application was filed in the Town Clerk's office on March 31, 1997, and expired 30 days later (see Town Law § 274-a [11]; Matter of Rochester Tel. Mobile Communications v Ober, 251 AD2d 1053 [1998]). We reject the contention of petitioner that the statute of limitations began to run when the Board denied his request to reconsider its approval of the site plan application. The Board's decision became final and binding upon Talco and its successors in interest when the decision was filed in the office of the Town Clerk (see Town Law § 274-a [11]; see generally Matter of De Groat v New York State Higher Educ. Servs. Corp., 90 AD2d 616, 617 [1982]). Although the Board was empowered to reconsider its decision, its refusal to do so did not render its initial decision nonfinal and thus did not restart the running of the statute of limitations (see gener-

*ally Matter of Express Limousine Serv. v Hennessy,* 72 AD2d 864, 865 [1979]). We reject petitioner's further contention that respondents are equitably estopped from asserting the statute of limitations as a defense (*see generally Simcuski v Saeli,* 44 NY2d 442, 448-449 [1978]; *Rochester Tel. Mobile Communications,* 251 AD2d at 1054-1055). We have considered petitioner's further contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.