In the Matter of MODERN LANDFILL, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [801 NYS2d 214]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered December 20, 2004 in a proceeding pursuant to CPLR article 78. The judgment granted respondent's motion to dismiss the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 to challenge respondent's issuance of a positive declaration with respect to the application by petitioner to modify its solid waste landfill permit (see 6 NYCRR 617.2 [ac]). Supreme Court properly granted respondent's motion to dismiss the petition on the ground that the issuance of a posi-

tive declaration is not a final agency action and thus is not ripe for judicial review (*see Matter of PVS Chems. [N.Y.] v New York State Dept. of Envtl. Conservation*, 256 AD2d 1241 [1998]; *Matter of Rochester Tel. Mobile Communications v Ober*, 251 AD2d 1053, 1054 [1998]). Contrary to the contention of petitioner, it did not sustain an actual, concrete injury as the result of the issuance of the positive declaration (*see Rochester Tel. Mobile Communications*, 251 AD2d at 1054; *cf. Matter of Gordon v Rush*, 100 NY2d 236, 242-243 [2003]). "Petitioner may well obtain approval of its . . . application following preparation of a [draft environmental impact statement] and thus, notwithstanding the considerable expenses and time associated with its preparation, it cannot be said that [respondent's] issuance of this positive declaration constitutes a 'definitive' position on an issue which inflicts an actual, concrete injury" (*Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 922 [1999], *lv denied* 93 NY2d 815 [1999]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.