In the Matter of VINCENT R. GUIDO, JR., et al., Appellants, v TOWN OF ULSTER TOWN BOARD et al., Respondents. [902 NYS2d 710]—

Stein, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 2, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Petitioners are the adjoining landowners to a proposed residential development known as Ulster Manor. The proposed development was subject to review pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), in which respondent Town of Ulster Planning Board acted as lead agency. Petitioners commenced this CPLR article 78 proceeding challenging, among other things, the adequacy, accuracy and completeness of the draft environmental impact statement (hereinafter DEIS) accepted by the Planning Board, the final environmental impact statement (hereinafter FEIS) adopted by the Planning Board and the statement of findings issued by the Planning Board. Petitioners also challenged various aspects of the SEQRA process. Supreme Court granted respondents' motions to dismiss the petition and this appeal ensued.

Petitioners first argue that Supreme Court erred when it determined that the adoption of the FEIS and issuance of the statement of findings were not ripe for review. We disagree. In order for an administrative decision to be ripe for judicial review in a CPLR article 78 proceeding, the challenged action must be final (see CPLR 7801 [1]). An action is considered to be final when it represents a definitive position on an issue which " 'impose[s] an obligation, den[ies] a right or fix[es] some legal relationship,' " resulting in an actual, concrete injury (Matter of Gordon v Rush, 100 NY2d 236, 242 [2003], quoting Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]). The harm suffered must not be " 'amenable to further administrative review and corrective action' " (Matter of Eadie v Town Bd. of

*Town of N. Greenbush,* 7 NY3d 306, 316 [2006], quoting *Matter of City of New York [Grand Lafayette Props. LLC],* 6 NY3d 540, 548 [2006]).

We have previously recognized that "[t]his rule is 'easier stated than applied' " (*Matter of Catskill Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd.,* 56 AD3d 1027, 1028 [2008], quoting *Matter of Essex County v Zagata,* 91 NY2d at 453). Nevertheless, the Court of Appeals has declined to adopt any bright-line rules designating particular actions as final, preferring instead to apply the foregoing test on a case-by-case basis in order to avoid inappropriate results in particular circumstances (*see e.g. Matter of Eadie v Town Bd. of Town of N. Greenbush,* 7 NY3d at 317; *Matter of Gordon v Rush,* 100 NY2d at 243). Thus, in applying the test, we attempt to balance the goals of preventing "piecemeal review of each determination made in the context of the SEQRA process [which] would subject it to 'unrestrained review . . . result-[ing] in significant delays in what is already a detailed and lengthy process' " (*Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920, 921 [1999], *lv denied* 93 NY2d 815 [1999], quoting *Matter of Town of Coeymans v City of Albany,* 237 AD2d 856, 857 [1997], *lv denied* 90 NY2d 803 [1997]) against the possibility of real harm to the complaining party (*see Matter of Gordon v Rush,* 100 NY2d at 243).

Here, the record reveals that the Planning Board's SEQRA determination has, indeed, fixed one aspect of the legal relationship between the involved agencies (*see Matter of Gordon v Rush,* 100 NY2d at 242; *Matter of Essex County v Zagata,* 91 NY2d at 453), as all involved agencies must rely upon the FEIS as the basis for their review of the environmental impacts that they are required to consider in connection with subsequent permit applications (*see* 6 NYCRR 617.6 [b] [3] [iii]). However, the Planning Board has not yet granted any of the fundamental approvals necessary to render their SEQRA decision a "final" action. For example, Ulster Manor has not yet been granted the special permit, site plan or subdivision approvals needed before the Town Building Department may consider issuing a building permit which, in turn, is a prerequisite for commencement of the proposed development. Because the Planning Board's SEQRA determination continues to be subject to its own corrective action, there remains a possibility that the perceived injury to petitioners will be prevented or significantly ameliorated by such action and that the dispute will be rendered moot or academic (*see Stop-The-Barge v Cahill,* 1 NY3d 218, 223 [2003]; *compare Walton v New York State Dept. of Correctional Servs.,* 8

NY3d 186, 196, 197 [2007]). Thus, under the circumstances here, petitioners' challenges relative to the DEIS, the FEIS and the statement of findings are not ripe for review.

Petitioners also contend that respondent Department of Environmental Conservation (hereinafter DEC) failed to fulfill its duty as an involved agency* to fully participate in the environmental review process and petitioners, therefore, seek an injunction to compel DEC to conduct its own SEQRA review. In view of our conclusion herein that petitioners' challenge to the Planning Board's SEQRA determination is not ripe for review, we find that the claimed deficiencies in DEC's participation in that process are also not properly before us. Even if such claims were ripe for review, Supreme Court correctly determined that the petition fails to state a cause of action against DEC. In any event, our examination of the record satisfies us that DEC has complied with its obligations in connection with the review process overseen by the Planning Board (*see* 6 NYCRR 617.3 [e]; *Matter of Gordon v Rush*, 100 NY2d at 243-244). Accordingly, Supreme Court properly dismissed the petition as against DEC.

We also find no error in Supreme Court's dismissal of petitioners' cause of action seeking a permanent injunction against respondent Town of Ulster. The basis of this cause of action is petitioners' assertion that the Town has violated Town Law § 272-a (11) by failing to update its Town Code to conform to its Comprehensive Plan. Petitioners request that the Town be enjoined from continuing such violation and from taking any action implicating the Comprehensive Plan pending appropriate amendment of the zoning laws. Inasmuch as petitioners have failed to allege, let alone demonstrate, that they will suffer irreparable harm or that there is no adequate remedy at law if an injunction is not granted, they have failed to state a cause of action for such relief (*see McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 525 [2001]).

Petitioners' remaining contentions have been considered and found to be either academic or without merit.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* DEC is an involved agency by virtue of its jurisdictional authority over Ulster Manor's potential need for a stormwater management permit (*see* 6 NYCRR 617.2).