■ In the Matter of CENTER OF DEPOSIT, INC., Appellant, v VILLAGE OF DEPOSIT et al., Respondents, et al., Respondents.
[936 NYS2d 709]—

Stein, J.

Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to overturn the positive declaration of environmental significance and approve its subdivision application. Supreme Court dismissed the petition on the basis that it was not ripe for review and, in any event, that the Board's determination was not arbitrary and capricious. Petitioner now appeals.

Initially, we find that the dispute is ripe for review. A determination is final, and therefore ripe for review, when it "impose[s] an obligation, den[ies] a right or fix[es] some legal relationship as a consummation of the administrative process[,] . . . [which] inflicts an actual, concrete injury . . . [that] may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Gordon v Rush*, 100 NY2d 236, 242 [2003] [internal quotation marks and citations omitted]; *see Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]; *Matter of Guido v Town of Ulster Town Bd.*, 74 AD3d 1536, 1536 [2010]). "This rule is 'easier stated than applied' " (*Matter of Catskill Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd.*, 56 AD3d 1027, 1028 [2008], quoting *Matter of Essex County v Zagata*, 91 NY2d at 453). Nevertheless, "the Court of Appeals has declined to adopt any bright-line rules designating particular actions as final, preferring instead to apply the foregoing test on a case-by-case basis in order to avoid inappropriate results in particular circumstances. Thus, in applying the test,

we attempt to balance the goals of preventing piecemeal review of each determination made in the context of the SEQRA process . . . against the possibility of real harm to the complaining party" (*Matter of Guido v Town of Ulster Town Bd.*, 74 AD3d at 1537 [internal quotation marks and citations omitted]).

Although the initial issuance of a positive declaration of environmental significance requiring the completion of a DEIS is typically not considered to be a final determination (*see Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 921-922 [1999], *lv denied* 93 NY2d 815 [1999]; *cf. Matter of Gordon v Rush*, 100 NY2d at 242-243), we have held that, even where the "ultimate resolution of a matter is still pending, a determination within the context of that matter may be 'final' if the governmental entity acts beyond its statutory authority and causes injury" (*Matter of Demers v New York State Dept. of Envtl. Conservation*, 3 AD3d 744, 746 [2004]). Thus, we may review the matter where, as here, a question of fact exists as to whether, due to the particular nature of petitioner's subdivision application, it is a proper subject for a DEIS in the first instance.

Petitioner's application did not include any development plans; it merely requested permission to subdivide one parcel of land into two parcels, allegedly in order to facilitate the ultimate sale of the property to one or more unidentified parties who may, themselves, wish to develop it. Upon review of petitioner's long form EAF, the Board determined that there were potentially significant environmental impacts to water quality, air quality and public health given the probable presence of friable asbestos in at least one of the buildings and the density of the existing neighborhood in the event of the property's *potential*, but unspecified, future development. This prompted the Board to, among other things, issue a positive declaration of environmental significance and require petitioner to complete a DEIS addressing potential issues based upon multiple possible future uses of the property, presumably because the actual intended use was undetermined. Even if petitioner's request to subdivide the land is ultimately granted, petitioner would have already expended considerable time and money to prepare the DEIS, which it would have no available avenue to recoup. Under these particular circumstances, we find that a question exists as to whether—due to the nature of petitioner's subdivision application—it is a proper subject for a DEIS in the first instance and, further, whether the obligation to prepare a DEIS imposes an actual injury on petitioner that cannot be ameliorated by further administrative action (*see Matter of Gordon v Rush*, 100 NY2d at 242).

Turning to the merits, we note that, in reviewing the Board's decision to require a DEIS, we must evaluate whether the Board identified the relevant areas of environmental concern, took a "hard look" and "reasonably exercised its discretion so as to make a reasoned elaboration as to the effect of a proposed action on a particular environmental concern" (*Akpan v Koch*, 75 NY2d 561, 571 [1990]; *see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd*, 79 NY2d 373, 382 [1992]; *Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing*, 82 AD3d 1384, 1385 [2011], *lv denied* 17 NY3d 705 [2011]). Our review is limited to considering "whether [the] determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 983 [2007], *lv denied* 10 NY3d 706 [2008]).

Here, the Board properly determined that petitioner's proposal was an unlisted action (*see generally Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d 508, 518 n 8 [2004]). As such, a DEIS was required only if the Board rationally determined that petitioner's proposed action included the potential for at least one significant adverse environmental impact (*see* ECL 8-0109 [2]; 6 NYCRR 617.7 [a] [1]; *Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 722 [2002]). On the record before us, we find that the Board failed to provide a reasoned elaboration for its determination to require a DEIS. The only "action" for which petitioner sought approval from the Board was the legal division of one parcel of land into two separate parcels of land. There is absolutely no record evidence that petitioner—or, indeed, any prospective purchaser—had any solidified plans to develop either parcel. Nor is there any evidence to establish, and the Board completely failed to articulate, how the proposed action—the simple division of the property on a map—could potentially alter drainage flow or patterns or surface water runoff, affect air quality, affect public health and safety, result in the diminution of open space or affect the character of the existing community by changing the density of land use. The concerns of the Village respondents regarding petitioner's possible future abandonment of the property containing the building with asbestos are purely speculative and do not provide a rational basis for the Board's determination (*see generally Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.*, 123 AD2d 619, 620 [1986]). Nor do we find persuasive their contention that petitioner's application constitutes improper segmentation. Inasmuch as we

find the Board's determination to be arbitrary and capricious, it must be reversed.

Mercure, A.P.J., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of petitioner's application seeking to annul the determination of respondent Village of Deposit Planning Board finding a positive declaration of environmental significance and requiring that petitioner submit a draft environmental impact statement; petition granted to said extent and matter remitted to the Village of Deposit Planning Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.