# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**156**
**KA 16-01027**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICK D. CARTER, DEFENDANT-APPELLANT.

---

JOSEPH P. MILLER, CUBA, FOR DEFENDANT-APPELLANT.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT (J. THOMAS FUOCO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Terrence M. Parker, J.), rendered June 22, 2015. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75). Defendant contends that the indictment, which charges defendant with predatory sexual assault against a child (§ 130.96), is jurisdictionally defective because it includes a time period during which the child was 13 years old or older.

As a preliminary matter, we agree with defendant that he was not required to preserve the above contention for our review, and we further agree that it is not waived as a result of his guilty plea inasmuch as it concerns a nonwaivable jurisdictional defect (*see People v Holmes*, 101 AD3d 1632, 1633, *lv denied* 21 NY3d 944; *see also People v Iannone*, 45 NY2d 589, 600-601). We conclude, however, that defendant's contention lacks merit because the indictment charged defendant with the crime of predatory sexual assault against a child "by name and by reference to the relevant section[] . . . of the Penal Law" (*People v Quamina*, 207 AD2d 1030, 1030, *lv denied* 84 NY2d 1014). Additionally, this is not a case where the inclusion of a period of time when the victim was 13 years of age or older, in addition to a period of time when the victim was less than 13 years old, serves to negate an allegation that the conduct also occurred when the victim was less than 13 years old (*cf. People v Hurell-Harring*, 66 AD3d 1126, 1127-1128 n 3).

Defendant further contends that the indictment was jurisdictionally defective because the 4½-year time period set forth in the indictment is excessive. We reject defendant's characterization of that contention as a jurisdictional defect and instead conclude that it is an unpreserved challenge to the factual sufficiency of the allegations (*see Iannone*, 45 NY2d at 600-601; *see also People v Carey*, 92 AD3d 1224, 1224-1225, *lv denied* 18 NY3d 992). In any event, the contention is without merit. It is well settled that the crime of predatory sexual assault against a child "is a continuing offense to which the usual requirements of specificity with respect to time do not apply" (*People v Bradberry*, 131 AD3d 800, 801, *lv denied* 26 NY3d 1086 [internal quotation marks omitted]), and "time periods more broad than those alleged in the instant indictment have been deemed specific enough to satisfy the requirements of due process" (*People v Errington*, 121 AD3d 1553, 1554, *lv denied* 25 NY3d 1163; *see People v Devane*, 78 AD3d 1586, 1587, *lv denied* 16 NY3d 858; *People v Furlong*, 4 AD3d 839, 840-841, *lv denied* 2 NY3d 739).

Defendant further contends that his plea allocution was jurisdictionally defective because it failed to establish that he engaged in multiple acts of sexual conduct with a person under the age of 13 and because it included a time period during which the victim was 13 years old or older. That contention is actually a challenge to the factual sufficiency of the plea allocution, which defendant failed to preserve for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Newton*, 143 AD3d 1286, 1286, *lv denied* 28 NY3d 1126) and, in any event, it is without merit. Additionally, although defendant's statements regarding the effects of his medications may have "trigger[ed] [County] [C]ourt's duty to conduct a further inquiry to ensure that defendant's plea was knowingly and voluntarily made" (*People v McNair*, 13 NY3d 821, 822-823), the court's subsequent inquiry and its offering defendant an opportunity to move to withdraw his plea were sufficient to ensure that the plea was voluntary (*see People v Brown*, 305 AD2d 1068, 1069, *lv denied* 100 NY2d 579; *see also People v Larry B.*, 277 AD2d 989, 989, *lv denied* 96 NY2d 864; *People v Greer*, 277 AD2d 1051, 1051, *lv denied* 96 NY2d 829).

Defendant's contention that the court erred in failing to order an examination pursuant to CPL 730.30 is also not preserved for our review (*see People v Rought*, 90 AD3d 1247, 1248, *lv denied* 18 NY3d 962). In any event, that contention is without merit inasmuch as "[t]here is no indication in the record that defendant was mentally incompetent at the time he entered his guilty plea or at sentencing" (*People v Carbonel*, 296 AD2d 858, 858 [internal quotation marks omitted]).

Defendant further contends that his sentence is unduly harsh and severe; however, we perceive no basis in the record to modify the sentence as a matter of discretion in the interest of justice (*see CPL 470.15 [6] [b]).

Finally, defendant's contention that he was denied effective assistance of counsel does not survive his guilty plea as defendant

made only a conclusory contention that he would not have pleaded guilty, but for the alleged errors of defense counsel, for the first time in his reply brief (*see People v McDonald*, 1 NY3d 109, 115; *see also People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929). Additionally, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*Brown*, 305 AD2d at 1069). Defendant's remaining contentions are without merit.

Entered: February 10, 2017

Frances E. Cafarell
Clerk of the Court