Matter of Woodworth v Town of Groveland (2018 NY Slip Op 02934)





Matter of Woodworth v Town of Groveland


2018 NY Slip Op 02934


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


214 CA 17-01270

[*1]IN THE MATTER OF SCOTT E. WOODWORTH AND LYNN M. WOODWORTH, PETITIONERS-APPELLANTS,
v
TOWN OF GROVELAND AND ZONING BOARD OF APPEALS OF TOWN OF GROVELAND, RESPONDENTS-RESPONDENTS. 






THE WOODWORTH LAW FIRM, ROCHESTER (RYAN C. WOODWORTH OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
DIMATTEO & ROACH, ATTORNEYS AT LAW, WARSAW (DAVID M. ROACH OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), dated December 9, 2016 in a CPLR article 78 proceeding. The judgment dismissed the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners, the owners of a single-family home located in respondent Town of Groveland, planned to build an addition to their home and applied for a variance from the front setback requirements set forth in Town of Groveland Zoning Law § 27 (F) (1). Following a public hearing at which numerous adjoining property owners objected to the variance, respondent Zoning Board of Appeals of the Town of Groveland (ZBA) denied petitioners' application. Petitioners thereafter modified the plans for the addition and again applied for a front setback variance, and the ZBA again denied petitioners' application. Petitioners commenced a CPLR article 78 proceeding challenging the ZBA's decision, and Supreme Court remitted the matter to the ZBA for reconsideration upon concluding, inter alia, that the ZBA's decision lacked information sufficient to enable the court to determine whether it was supported by a rational basis.
On remittal, the ZBA held a work session on the application on April 11, 2016 and issued a written decision denying the application. The decision was filed with the Town Clerk on April 12, 2016, and the draft hearing minutes were filed on April 18, 2016. Petitioners commenced the instant CPLR article 78 proceeding on May 21, 2016 challenging the ZBA's determination.
Contrary to petitioners' contention, the court properly dismissed the amended petition as time-barred, as asserted by respondents in their answer. The 30-day statute of limitations for this proceeding began to run on April 12, 2016, when the ZBA's decision was filed in the Town Clerk's office, and thus the limitations period expired before petitioners commenced this proceeding (see Town Law § 267-c [1]). We reject petitioners' contention that the statute of limitations began to run on April 18, 2016, when the ZBA filed the draft hearing minutes (see generally Matter of Gilmore v Planning Bd. of Town of Ogden, 16 AD3d 1074, 1075 [4th Dept 2005]). We further reject petitioners' contention that respondents are equitably estopped from asserting the statute of limitations as a defense (see generally Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]). Finally, we have considered petitioners' remaining contentions and conclude that they do not warrant reversal or modification of the judgment.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court