People v Diaz (2019 NY Slip Op 01426)





People v Diaz


2019 NY Slip Op 01426


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-07826
2017-07827

[*1]The People of the State of New York, respondent,
v
Jose L. Diaz, appellant. (S.C.I. Nos. 167/15, 161/16)


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Edward T. McLoughlin, J.), both rendered September 9, 2016, convicting him of sexual abuse in the first degree under Superior Court Information No. 167/15 and criminal sexual act in the first degree under Superior Court Information No. 161/16, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant knowingly, voluntarily, and intelligently waived his right to appeal. That valid waiver forecloses review of the defendant's nonjurisdictional challenge to the sufficiency of the factual allegations of Superior Court Information No. 161/16 (see People v Carter, 147 AD3d 1514, 1515; People v Lanfair, 18 AD3d 1032, 1033). Also foreclosed is the defendant's claim that his sentences are excessive (see People v Lopez, 6 NY3d 248, 255-256). Finally, the defendant's contention that he received ineffective assistance of counsel is foreclosed by his waiver of the right to appeal, except to the extent that the alleged ineffective representation may have affected the voluntariness of the defendant's pleas of guilty (see People v Amay, 156 AD3d 895, 895). The defendant's contention that his attorney's conduct affected the voluntariness of his pleas of guilty is without merit (see People v Coleman, 164 AD3d 518, 519).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court