People v Soutar (2019 NY Slip Op 02214)





People v Soutar


2019 NY Slip Op 02214


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


226 KA 17-00863

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMY L. SOUTAR, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 29, 2015. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), defendant challenges the severity of the sentence. Defendant's waiver of the right to appeal is invalid because the perfunctory inquiry made by County Court was "insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]; see People v Hamilton, 49 AD3d 1163, 1164 [4th Dept 2008]). Nevertheless, we conclude that the sentence is not unduly harsh or severe (see People v Carter, 147 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court