Matter of Arntzen v City of New York (2022 NY Slip Op 05497)

Matter of Arntzen v City of New York

2022 NY Slip Op 05497

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 159502/21 Appeal No. 16316-16316A Case No. 2022-01524 

[*1]In the Matter of Kathryn Arntzen et al., Petitioners-Respondents,
v
City of New York, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for appellant.
Sussman & Associates, Goshen (Michael H. Sussman of counsel), for respondents.

Order, Supreme Court, New York County (Frank Nervo, J.), entered February 2, 2022, which, in this CPLR article 78 proceeding to nullify the City of New York's environmental assessment statement's negative declaration with respect to the COVID permanent outdoor dining program, denied the City's motion to dismiss the petition on ripeness grounds, brought up for review by the appeal from an order, same court and Justice, entered March 25, 2022, which granted the petition to the extent of annulling the negative declaration and remanding the matter for the completion of an environmental impact review in compliance with SEQRA, unanimously reversed, on the law, without costs, and the motion to dismiss the petition granted. Appeal from the March 25, 2022 order to the extent that it granted the petition, unanimously dismissed, without costs, as moot.
Given the remaining legislative and administrative steps that must be taken by the City before the permanent outdoor dining program is finalized and implemented in place of the presently operating temporary program, the City's issuance of the SEQRA negative declaration was not an act that itself inflicts actual, concrete injury. Accordingly, the petition seeking to annul the declaration should have been dismissed as not ripe for judicial review (see Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306 [2006]; Matter of Guido v Town of Ulster Town Bd., 74 AD3d 1536 [3d Dept 2010]). In view of the foregoing, we need not address the merits of petitioners' challenge to the City's action (see Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 100 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022