Matter of Metzger v City of Buffalo (2023 NY Slip Op 01604)

Matter of Metzger v City of Buffalo

2023 NY Slip Op 01604

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, AND OGDEN, JJ.

85 CA 22-01014

[*1]IN THE MATTER OF WILLIAM METZGER, ET AL., PETITIONERS-RESPONDENTS,
v
CITY OF BUFFALO, CITY OF BUFFALO PLANNING BOARD AND JC PROPERTIES QOZB LLC, RESPONDENTS-APPELLANTS. 

CARIN S. GORDON, BUFFALO, FOR RESPONDENTS-APPELLANTS CITY OF BUFFALO AND CITY OF BUFFALO PLANNING BOARD.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR RESPONDENT-APPELLANT JC PROPERTIES QOZB LLC.
LAW OFFICE OF STEPHANIE ADAMS, PLLC, BUFFALO (STEPHANIE A. ADAMS OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

 Appeals from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered June 16, 2022 in a proceeding pursuant to CPLR article 78. The order, insofar as appealed from, denied the motions of respondents to dismiss the petition. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motions are granted, and the petition is dismissed.
Memorandum: Respondent JC Properties QOZB LLC submitted a major site plan application to respondent City of Buffalo Planning Board (Planning Board) seeking approval of the construction of four apartment buildings near the Buffalo River. On November 8, 2021, the Planning Board issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL article 8) and a waterfront consistency review finding that the project was consistent with the City of Buffalo Local Waterfront Revitalization Program. On January 10, 2022, the Planning Board voted to approve the site plan with conditions; it filed its decision with the City Clerk two days later.
Petitioners commenced this CPLR article 78 proceeding on March 6, 2022, seeking, inter alia, to annul the November 8 waterfront consistency review finding and the January 10 conditional site plan approval. Respondents moved to dismiss the petition on the ground that all causes of action were time-barred. Supreme Court denied the motions, and respondents appeal.
Initially, we note that, although no appeal as of right lies from an intermediate order in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]), we treat the notices of appeal as applications for leave to appeal from the order and grant the applications (see Matter of Sliz v County of Erie, 17 AD3d 1161, 1161 [4th Dept 2005]; Matter of Conde v Aiello, 204 AD2d 1029, 1029 [4th Dept 1994]).
We agree with respondents that the court erred in denying the motions. Petitioners' challenge to the Planning Board's conditional site plan approval is untimely because the proceeding was not commenced within the requisite 30 days (see General City Law § 27-a [11]; Matter of Citizens Against Sprawl-Mart v City of Niagara Falls, 35 AD3d 1190, 1191 [4th Dept 2006], lv dismissed 9 NY3d 858 [2007]; Matter of Gilmore v Planning Bd. of Town of Ogden, 16 AD3d 1074, 1075 [4th Dept 2005]). We reject petitioners' contention that their challenge to the [*2]Planning Board's waterfront consistency review finding is subject to the longer four-month statute of limitations set forth in CPLR 217 (1). " '[I]n order to determine what event triggered the running of the Statute of Limitations, [courts] must first ascertain what administrative decision petitioner is actually seeking to review and then find the point when that decision became final and binding and thus had an impact upon petitioner' " (Matter of Haggerty v Planning Bd. of Town of Sand Lake, 166 AD2d 791, 792 [3d Dept 1990], affd 79 NY2d 784 [1991]). Here, "the [waterfront consistency review finding] challenged by petitioners was made during the course of consideration by respondent Planning Board . . . of an application for site plan approval, a process which culminated in the Planning Board's formal approval of the site plan" on January 10 (id.). The 30-day statute of limitations for challenges to determinations of the Planning Board thus controls (see generally id.; Matter of Casement v Town of Poughkeepsie Planning Bd., 162 AD2d 685, 687 [2d Dept 1990], appeal dismissed 76 NY2d 930 [1990], rearg denied 76 NY2d 1018 [1990]), and this proceeding is time-barred.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court